■ WALTER L. JOHNSON, Respondent, v NATIONAL LEAGUE FOR NURSING, Appellant.—Order, Supreme Court, New York County (Louis Grossman, J.), entered May 14, 1986, which, vacated a determination and order of the New York State Division of Human Rights (DHR), which found that no probable cause existed to believe that the National League for Nursing (NLN) had engaged in unlawful discrimination in terminating the employment of petitioner Mr. Walter L. Johnson (Mr. Johnson), and remitted the matter to the DHR for an evidentiary hearing, is unanimously reversed, on the law and on the facts, petition dismissed, and determination and order of DHR reinstated, without costs.

The NLN is a not-for-profit corporation organized for the purpose of improving nursing services and nursing education.

In 1982, NLN did not obtain renewal of a major contract that it had been receiving for many years, for the preparation of examinations which were used as the basis for the State licensing of nurses throughout the United States. The loss of this contract caused a serious financial crisis at NLN, since it meant a projected financial deficit for 1983 of $1,857,000. In order for NLN to continue operations, it was compelled to terminate approximately 23% of its staff. One of those terminated was Mr. Johnson, who was aged 60, director of NLN's division of research, an expert statistician, and the holder of a doctorate in sociology from Yale University.

Following his termination, in 1983, Mr. Johnson filed an age-discrimination complaint with DHR. This complaint alleged, in substance, that NLN only terminated Mr. Johnson because of his age. NLN submitted an answer. After reviewing the materials submitted by the parties, and holding a meeting between them, the DHR issued a determination and order of no probable cause to believe NLN had engaged in any unlawful discriminatory practice.

The DHR determination and order, dated May 28, 1985, states, in pertinent part: "The investigation * * * reveal[ed] that the complainant [Mr. Johnson], who had established a good work record during his tenure with the respondent [NLN], was laid off on September 21, 1983, due to a reduction in the work force".

Subsequently, Mr. Johnson instituted a proceeding, pursuant to Executive Law § 298, for an order annulling the DHR determination and order. In response, NLN opposed. The IAS court vacated the determination and order, and remitted the matter to the DHR for an evidentiary hearing.

The Court of Appeals in *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.* (59 NY2d 69 [1983]) set forth the standard for judicial review of DHR determinations. At page 75 of the court's opinion in *CUNY-Hostos v Human Rights (supra)*, it is stated, in pertinent part, "In examining the evidence to support his claim, our review is limited to a consideration of whether the [DHR's] determination * * * is supported by substantial evidence on the record * * * When a rational basis for the conclusion approved by the [DHR] is found, the judicial function is exhausted". Recently, we decided in *Matter of Chirgotis v Mobil Oil Corp.* (128 AD2d 400, 403 [1st Dept 1987]), that "A DHR determination of 'no probable cause' should be overturned as capricious only where the record demonstrates that its investigation was 'abbreviated or one-sided' ".

A review of the record indicates that when NLN was required to consolidate departments, due to its precarious financial condition, it necessitated the termination of employees who were in charge of the eliminated departments.

Applying the legal authority, *supra,* to our review of the record, we find that the DHR determination is based upon substantial evidence, and is neither irrational nor capricious. Therefore, we further find that the IAS court erred in vacating that determination.

Accordingly, we reverse, dismiss the petition, and reinstate the DHR determination and order. Concur—Sullivan, J. P., Ross, Asch and Wallach, JJ.