■ Susan J. Ashker, Respondent, v International Business Machines Corporation, Appellant.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Coutant, J.), entered February 5, 1990 in Broome County, which denied defendant's motion to dismiss the first and second causes of action in the complaint.

Plaintiff, a 59-year-old executive secretary, brought this suit against defendant and several of its employees after she was allegedly forced into early retirement. According to the complaint, plaintiff routinely received excellent performance reviews during her 33 years of employment with defendant. Shortly after receiving one such annual job performance evaluation in July 1988, plaintiff's superior informed her that she must either report to the staff psychiatrist or one of her own choosing, for she was considered dangerous to herself and

others. The justification for the expressed fear is not explained in the record; however, it is intimated that plaintiff displayed argumentative and disruptive behavior. In any event, under threat of termination or retirement, plaintiff eventually sought outside psychological evaluation. Plaintiff's psychologist, Vincent Monastra, opined that plaintiff had a low likelihood of exhibiting violent behavior, but would work best with a management style that was firm, direct and "by the book". He further indicated that plaintiff could resume employment, in her current position, immediately. Before Monastra forwarded his analysis to defendant, plaintiff attempted to return to work. She was not permitted to enter the building and allegedly was forcibly escorted from the premises.

During the next several days, defendant gave plaintiff the option of accepting one of two new positions or retiring early. She was advised that should she not choose one of these alternatives (the nature of the jobs offered are undisclosed), she would be discharged. Plaintiff notified defendant that although she did not plan to retire for some years, she felt that this latter option was her only recourse given defendant's harassing behavior. Plaintiff's retirement became effective September 30, 1988.

Originally, five causes of action were asserted in the complaint; three have been dismissed. On appeal, defendant urges that the remaining two—age discrimination and discrimination for perceived disability—do not state prima facie causes of action. We disagree and affirm.

New York's Human Rights Law prohibits employers from discharging an employee based upon the latter's age or disability (Executive Law § 296 [1] [a]). Generally, a prima facie case of discrimination includes the following elements: (1) that the employee was a member of the class protected by the statute, (2) that the employee was actively or constructively discharged, and (3) that the employee was qualified to hold the position from which he was terminated. Also, when age discrimination is charged, the complaint must also allege that someone younger replaced the terminated employee, or include direct evidence of discriminatory intent or statistical evidence of discriminatory conduct *(Brown v General Elec. Co.,* 144 AD2d 746, 748; *Mayer v Manton Cork Corp.,* 126 AD2d 526; *see, International Assn. of Machinists & Aerospace Workers v General Elec. Co.,* 713 F Supp 547, 550). In this case, the complaint facially failed to meet this last requirement. Employing a liberal reading of defendant's affidavit *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636), which reveals that

a 52-year-old employee assumed plaintiff's responsibilities, allows for an inference that an age discrimination claim may exist.

Defendant maintains that it did not hire a replacement for plaintiff (see, Stanton v Owego Water Works, 108 AD2d 1029), that her job functions were absorbed by another and that the mere allocation of job responsibilities does not constitute replacement. It is not claimed that plaintiff's termination was part of any premeditated plan to reduce the work force.

Inasmuch as at least some of the responsibilities plaintiff's 52-year-old "replacement" assumed were identical to those plaintiff previously carried out (see, Wolfe v Time, Inc., 702 F Supp 1045, 1048) and it was not demonstrated that the "replacement's" responsibilities remained essentially the same after plaintiff's departure (see, supra, at 1049)—indeed plaintiff's counsel suggests that those responsibilities may have been assumed by a 29-year-old—and given that this is a motion addressed solely to the sufficiency of the complaint, we are reluctant, at least at this very early stage of the proceeding, to dismiss this cause of the complaint.

With respect to the second cause of action, defendant contends that plaintiff does not come within the class of individuals the statute undertakes to protect. The statute prohibits employers from discriminating against disabled employees (Executive Law § 296 [1] [a]). A disability is defined as "a condition regarded by others as [a physical, mental or medical] impairment * * * which do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held" (Executive Law § 292 [21] [c]; cf., State Div. of Human Rights v Xerox Corp., 65 NY2d 213, 218). This statute was designed to extend the discrimination protection to the following: (1) persons with physical or mental impairments which substantially limit one or more major life activity, (2) those with records of such impairments, or (3) those regarded as having such impairments (Executive Dept mem, 1983 McKinney's Session Laws of NY, at 2705; see, Governor's approval mem, 1983 NY Legis Ann, at 380). The statutory language is sufficiently broad, and the legislative history sufficiently supportive of an interpretation (see, Executive Dept mem, 1983 McKinney's Session Laws of NY, at 2705-2706), that nondisabled individuals like plaintiff, whom an employer wrongfully perceives as impaired, come within its reach (see, Doe v Roe, Inc., 160 AD2d 255, 256). As the complaint alleges that plaintiff was wrongfully terminated because defendant incorrectly believed plaintiff

suffered from a mental impairment, the second cause of action may stand (cf., *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 510).

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.