■ JUDY A. MANNING, as Executrix of WILLIAM F. MANNING, Deceased, Respondent, v NORTON COMPANY, Appellant. —Casey, J. Appeal from an order of the Supreme Court (Travers, J.), entered April 14, 1992 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Decedent was employed by defendant for more than 25 years, starting out as a mail clerk in 1959. When he was discharged at the age of 46 in October 1985, decedent's position was that of Quality Assurance Engineer, which involved the processing of customer complaints. Alleging that his discharge constituted a breach of contract and was due to age discrimination, decedent commenced this action for compensatory and punitive damages. Upon decedent's death, his wife, the executrix of his estate, was substituted as plaintiff. Defendant thereafter moved for summary judgment, contending that decedent was an at-will employee and that his position was eliminated as part of a company-wide reduction in the work force brought about by adverse economic conditions. Supreme Court denied the motion, resulting in this appeal by defendant.

"[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" *(Sabetay v Sterling Drug,* 69 NY2d 329, 333 [citation omitted]). In *Weiner v McGraw-Hill, Inc.* (57 NY2d 458) the Court of Appeals carved out an exception to at-will employment where the employer's right to terminate an at-will employee had been limited by express agreement, but "because of the explicit and difficult pleading burden, post-*Weiner* plaintiffs alleging wrongful discharge have not fared well" *(Sabetay v Sterling Drug, supra,* at 334-335) and the court has refused to relax the *Weiner* requirements *(supra,* at 337).

We conclude that plaintiff's allegations are insufficient to satisfy the *Weiner* requirements. The personnel guide referred to by plaintiff contains no express assurance that termination

will be for cause only *(see, Novinger v Eden Park Health Servs.,* 167 AD2d 590, 591, *lv denied* 77 NY2d 810; *Marvin v Kent Nursing Home,* 153 AD2d 553, 554). Nor can any express limitation on defendant's right to terminate decedent's employment be found either in the provisions of the personnel guide, which state a general policy for layoffs *(see, Brown v General Elec. Co.,* 144 AD2d 746, 748), or in the alleged oral assurances that a job would be available for decedent after implementation of the work force reduction *(cf., De Simone v Skidmore Coll.,* 159 AD2d 926, 928). In any event, plaintiff failed to show the type of detrimental reliance required by *Weiner (see, Brooks v Key Pharms.,* 183 AD2d 1011; *Novinger v Eden Park Health Servs., supra,* at 592; *Marvin v Kent Nursing Home, supra,* at 555). Defendant is, therefore, entitled to summary judgment dismissing plaintiff's breach of contract cause of action.

Assuming that the evidence submitted by plaintiff establishes the necessary elements for a prima facie showing of age discrimination *(see, Ashker v International Bus. Machs. Corp.,* 168 AD2d 724, 725), defendant met its burden of showing legitimate, independent and nondiscriminatory reasons to support its employment decision *(see, Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937). Defendant submitted evidence to show that decedent's position was eliminated as a result of a decentralization of the company's complaint handling process, which in turn was part of a company-wide reduction in the work force. The layoffs affected some 1,200 salaried and office staff throughout the company and was prompted by economic conditions which required a dramatic reduction in the company's overhead. A reduction in work force due to economic conditions has been recognized as a legitimate, independent and nondiscriminatory reason for an employment decision *(see, Johnson v National League for Nursing,* 135 AD2d 393; *cf., Brown v General Elec. Co., supra,* at 748).

In response to defendant's showing, plaintiff submitted no evidence that defendant's proffered reasons were merely a pretext for discrimination *(see, Brown v General Elec. Co., supra,* at 748). At his examination before trial, decedent testified that it was "common knowledge" that older employees were being pressured to retire, but that he had no first-hand knowledge of any such pressure. Decedent also testified that a large proportion of those former employees who participated with him in the company-sponsored job placement

program were older than 40 years of age. Defendant, however, presented evidence that the average age of the employees laid off at the facility where decedent worked was 39.5 years, which was younger than the average age of the employees at the facility prior to the work force reduction. Based on all of the evidence in the record, we are of the view that defendant is also entitled to summary judgment dismissing plaintiff's age discrimination cause of action. Supreme Court's order must, therefore, be reversed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.