■ CHARLES M. KIPPER, Appellant, v DORON PRECISION SYS-

TEMS, INC., Respondent. [598 NYS2d 399] —Casey, J. Appeal from an order of the Supreme Court (Smyk, J.), entered July 29, 1992 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1988 plaintiff, who had been employed in an engineering capacity at defendant's facility since 1973, was promoted to Senior Electronics Designer and became heavily involved in the development of one of defendant's products. When the development of that product was substantially completed in June 1990, plaintiff's supervisor was directed by higher-level management to terminate one electronics person in his engineering unit, and he chose plaintiff. After he was laid off, plaintiff commenced this action pursuant to Executive Law § 296 alleging, *inter alia,* marital status and age discrimination. Supreme Court ultimately granted defendant's motion for summary judgment dismissing plaintiff's complaint, resulting in this appeal by plaintiff.

Assuming that the evidence submitted by plaintiff was sufficient to establish the necessary elements of a prima facie showing of age discrimination *(see, Ashker v International Bus. Machs. Corp.,* 168 AD2d 724), defendant met its burden of showing legitimate, independent and nondiscriminatory reasons for its employment decision *(see, Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937). Defendant submitted evidence that plaintiff's employment was terminated as part of a reduction in work force due to economic conditions, which "has been recognized as a legitimate, independent and nondiscriminatory reason for an employment decision" *(Manning v Norton Co.,* 189 AD2d 971, 972), and that plaintiff was chosen for the layoff due to lack of work. Defendant also submitted evidence showing that the other employees who were terminated in the work force reduction were younger than plaintiff, except for one person who was approximately plaintiff's age. In these circumstances, plaintiff was required to submit evidence that defendant's proffered reasons were merely a pretext for age discrimination *(see, supra,* at 972-973; *Brown v General Elec. Co.,* 144 AD2d 746, 748). Plaintiff's evidence that some tasks which he could have performed were assigned to younger employees after he was terminated is insufficient to meet this burden, for at best the evidence merely questions defendant's articulated reason for the employment decision *(see, Ioele v Alden Press,* 145 AD2d 29, 36). Accordingly, plaintiff's claim based upon age discrimination was properly dismissed.

We reach a contrary conclusion as to plaintiff's claim of

discrimination based upon marital status. Plaintiff submitted evidence that his supervisor had stated that one of the reasons plaintiff was chosen for the layoff was that he was single and could withstand the lack of work better from a financial standpoint than a co-worker who was married. Such direct evidence of discriminatory intent was sufficient to meet plaintiff's burden *(see, Price Waterhouse v Hopkins,* 490 US 228), and the supervisor's denial that he made the statement presents a question of credibility that cannot be resolved on a summary judgment motion *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341).

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the claim based upon alleged marital status discrimination; motion denied regarding said claim; and, as so modified, affirmed.