■ KENNETH BROOKS, Respondent, v BLUE CROSS OF NORTH-EASTERN NEW YORK, INC., Also Known as EMPIRE BLUE CROSS AND BLUE SHIELD, ALBANY DIVISION, Appellant. [600 NYS2d 346] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered October 1, 1992 in Albany County, which denied defendant's motion for partial summary judgment dismissing the first three causes of action in plaintiff's complaint.

The instant appeal brings up for review Supreme Court's

determination to deny defendant's motion for summary judgment seeking dismissal of plaintiff's causes of action charging age discrimination. This lawsuit, which has previously been before us (see, 190 AD2d 894), was prompted by plaintiff's termination from his job on April 17, 1987 after almost 17 years of employment. At the time he was fired, plaintiff was assistant director of budget and cost and was 37 years of age; his replacement, Donald Wilock Jr., was 30 years old.

It is not disputed that plaintiff established a prima facie case of age discrimination by proferring sufficient proof of his age, termination, credentials and that he was replaced in his job by a younger person. It is also undisputed that defendant met its burden of articulating nondiscriminatory reasons for plaintiff's termination by submitting affidavits from defendant's employees reflecting that plaintiff was unmotivated and disinterested in his work, failed to seek required computer training and did not complete assignments in a timely manner. As to this latter complaint, defendant specifically criticizes plaintiff's alleged failure to adhere to a set time schedule for the project plaintiff had been assigned to complete prior to his discharge. Given defendant's proof in this regard, the burden shifted to plaintiff to raise questions of fact as to whether defendant's reasons for his termination were legitimate or simply a pretext for discrimination (see, Matter of Miller Brewing Co. v State Div. of Human Rights, 66 NY2d 937, 939). In our view, plaintiff has not met his burden.

In opposition to defendant's motion, plaintiff put forth Wilock's deposition testimony, in which he stated that he did not remember any time frame being mandated for the completion of the fixed asset inventory, the project he took over from plaintiff. Through this, plaintiff attempts to raise an inference that the project deadlines imposed on him were artificially strict or unreasonable, and that his failure to meet them was thus preordained and was merely a pretext for discrimination. The record shows, however, that the final deadline for the inventory was based on plaintiff's projection of the amount of time he would need to complete the project, with some slack included, and thus was, in reality, self-imposed.

In a further attempt to raise a fact question as to whether his performance was indeed substandard, plaintiff notes that his supervisor gave him a "competent" performance rating for the last half of 1985. However, this ignores the rating for the first nine months of 1986, which demonstrated serious deficiencies in the same areas listed in the 1985 report as "opportunities for improvement". Although a court must be sensitive

to the possibility that an employer bent on discrimination will create a "paper trail" to support its claims of nondiscriminatory motive, in view of plaintiff's admissions that his computer skills were not up to par, that he was warned about this and took no action to become more proficient, and that he failed to complete the inventory project by his self-imposed deadline, a single good performance appraisal, more than a year prior to termination, is simply not sufficient to raise a question of fact with regard to the reason for termination. Furthermore, even if we accept the appraisal as evidence that plaintiff's performance was adequate at all times, there is still nothing in the record to suggest that plaintiff's age, as opposed to ill will or mere favoritism, was the reason for his dismissal *(see, Ioele v Alden Press,* 145 AD2d 29, 36-37).

Mikoll, J. P., Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and the first three causes of action in plaintiff's complaint are dismissed.