■ ROBERT HALL, Respondent-Appellant, v VICTOR PALADINO et al., Appellants-Respondents. [619 NYS2d 402] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Cardona, J.), entered May 25, 1993 in Albany County, which denied plaintiff's motion and defendants' cross motion for summary judgment.

Plaintiff, an African-American, employed by the Department of Environmental Conservation (hereinafter DEC) as an environmental engineer, brought this action alleging racial discrimination and retaliation in violation of Executive Law §§ 296 and 297 (9). After issue was joined plaintiff moved for summary judgment and defendants cross-moved for similar relief. Finding issues of fact, Supreme Court denied both motions, prompting these appeals.

Our view of the record leads us to conclude that defendants have established a valid, nondiscriminatory basis for each of the challenged actions, which is sufficient to warrant denial of plaintiff's motion and to shift the burden to him of proving that defendants' stated reasons for suspending his employment are only a pretext for discrimination *(see, Kipper v Doron Precision Sys.,* 194 AD2d 855, 856).

Plaintiff's proof consists, for the most part, of conclusory allegations, which are either wholly unsubstantiated or premised upon inadmissible hearsay, much of which is expressly refuted by defendants' first-hand testimony. Plaintiff has put forth nothing to counter defendants' strong showing that the

---

actions about which he complains were taken as a result of his hostile, aggressive confrontations with his co-workers and with employees of outside agencies, his large number of unauthorized absences and his failure to complete assigned work on schedule. Notably, he has not documented a single instance when he was treated differently from any other employee who was truly similarly situated in all pertinent respects.

The documentary proof, as well as defendants' sworn testimony, indicates that plaintiff was directed (but refused) to undergo examinations pursuant to Civil Service Law § 72, not solely, or even primarily, because he had filed lawsuits against his coemployees and supervisors, but because his repeated threats of legal action, coupled with derogatory comments and attempts to incite racial hostility, were negatively affecting other employees and correspondingly raised legitimate concern about his ability to perform his job. In contrast, plaintiff has offered not one iota of proof that these reasons, sufficient on their face to justify the action taken, were false or pretextual, or that the true reason for the scheduled examinations was other than as outlined (see, Matter of Maloff v City Commn. on Human Rights, 46 NY2d 908, 910; Ioele v Alden Press, 145 AD2d 29, 36).

In short, plaintiff has failed to furnish admissible evidence that any of defendants have improperly discriminated against him on the basis of race, or retaliated against him for filing complaints alleging the same. Accordingly, defendants are entitled to summary judgment in their favor (see, e.g., Kipper v Doron Precision Sys., 194 AD2d 855, 856, supra; Brown v General Elec. Co., 144 AD2d 746, 748).

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' cross motion for summary judgment; said cross motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.