■ In the Matter of Laverack & Haines, Inc., et al., Petitioners, v New York State Division of Human Rights et al., Respondents. [629 NYS2d 595] —Determination modified on the law and as modified confirmed without costs and matter remitted to respondent New York State Division of Human Rights for further proceedings in accordance with the following Memorandum: Laverack & Haines, Inc. (petitioner) seeks to annul the determination of the New York State Division of Human Rights (SDHR) that found that petitioner unlawfully discriminated against complainant by terminating him from employment because of his age (see, Executive Law § 296 [1] [a]). We agree with SDHR that complainant made out a prima facie showing of age discrimination by establishing that

petitioner terminated complainant and replaced him with a younger person. SDHR properly rejected petitioner's proffered nondiscriminatory reason for the job action, i.e., downsizing due to financial difficulties. There is substantial evidence to support the SDHR determination (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182).

SDHR properly awarded complainant back pay at the rate for a hearing representative position. It failed, however, to make any offset for unemployment insurance benefits and Social Security benefits received by complainant (*see, Pioneer Group v State Div. of Human Rights*, 174 AD2d 1041, 1042). Thus, the award of back pay must be reduced by the amount of those benefits.

We agree also with the SDHR determination that complainant is entitled to pension benefits; the matter must be remitted, however, for a determination of that amount. In addition, the SDHR determination that complainant is entitled to an award for mental anguish is supported by the testimony of complainant that he was "frightened to death" not to have a job at 63 and that he suffered loss of sleep and appetite. The amount awarded is excessive, however, and must be reduced from $25,000 to $10,000 (*see, State Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 127 AD2d 986, 987, *affd* 71 NY2d 623).

Therefore, we remit this matter to SDHR to determine the award of back pay and complainant's pension benefits.

All concur except Balio, J., who dissents and votes to annul the determination in the following Memorandum:

Balio, J, (dissenting). I agree with the majority that the New York State Division of Human Rights (SDHR) made out a prima facie showing of age discrimination. I am unable to agree, however, with the majority's conclusion that SDHR properly rejected the nondiscriminatory reason of Laverack & Haines, Inc. (petitioner) for terminating complainant from employment.

Petitioner established that, for financial reasons, it implemented a multi-faceted program for downsizing and cost-saving in 1982. That program included the sale of its insurance department and the elimination of the claims manager position at local offices. Although petitioner did offer the claims manager of the Buffalo office a demotion to the position of hearing representative, it offered the claims manager of the Albany office a part-time consulting position and retained the existing hearing representative in the Albany office. Petitioner likewise offered complainant, the claims manager in the Syracuse office, a part-

time consulting position and retained the existing hearing representative.

"A reduction in work force due to economic conditions has been recognized as a legitimate, independent and nondiscriminatory reason for an employment decision" (*Manning v Norton Co.*, 189 AD2d 971, 972; *see also, Kipper v Doron Precision Sys.*, 194 AD2d 855, 856). Petitioner established that the termination of complainant was part of a nondiscriminatory reduction in work force program, thereby shifting to complainant the burden of proving that the program was not the true reason for his termination, but merely a pretext for age discrimination (*see, Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 939). The fact that one claims manager was offered the lesser position of hearing representative and that complainant was offered a different lesser position fails to establish that the company's decision to terminate claims managers constituted a pretext for discrimination. Upon termination, complainant was offered the same lesser position of part-time consultant that was offered to the claims manager of the Albany office. Thus, complainant was not denied the opportunity to assume a lesser position and was not treated differently from all other claims managers. SDHR ignored that fact in reaching its determination of age discrimination. The employer had no duty to transfer complainant to another position within the company (*see, Ridenour v Lawson Co.*, 791 F2d 52, 57; *Parcinski v Outlet Co.*, 673 F2d 34, 37, *cert denied* 459 US 1103) or to terminate another employee in order to create a position for complainant (*see, Tice v Lampert Yards*, 761 F2d 1210). Many of the tasks performed by complainant were reassigned to his superior. Although some tasks were performed by the younger hearing representative, "evidence that some tasks which he could have performed were assigned to younger employees after he was terminated is insufficient [to show pretext], for at best the evidence merely questions [petitioner's] articulated reason for the employment decision" (*Kipper v Doron Precision Sys., supra*, at 856; *see also, Ioele v Alden Press*, 145 AD2d 29, 36). I would grant the petition and annul the determination. (Proceeding Transferred Pursuant to Executive Law § 298 by Order of Supreme Court, Onondaga County, Murphy, J.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.