■ In the Matter of CITY OF FULTON et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [633 NYS2d 914] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Petitioners City of Fulton, Fulton Fire Department and Fulton Department of Civil Service commenced this proceeding pursuant to Executive Law § 298 seeking to review so much of the final order of the New York State Division of Human Rights (SDHR) as awarded respondent Carl M. Emmons, Sr. (Emmons) compensatory damages for mental anguish in the amount of $50,000 and awarded interest on an award of $1,869 for loss of employment opportunity from July 5, 1986. The proceeding was transferred to our Court pursuant to Executive Law § 298.

We conclude that the award of damages for mental anguish is excessive. Emmons testified that, as a result of petitioners' discriminatory conduct in disqualifying him for a position of fire fighter on the basis of physical disability, he felt "very upset and disappointed", and "bad", and that he was not being treated fairly; that he was "mean at home" and took it out on his wife and kids; and that he lost sleep over it and thinks about it "[a]ll the time". However, he never sought medical treatment. Although proof of mental anguish and humiliation may be established by the testimony of the complainant alone (see, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, 207 AD2d 585, 586), an award of

$10,000 is more consistent with awards for comparable injuries and proof of mental anguish made in similar cases (see, Matter of Laverack & Haines v New York State Div. of Human Rights, 217 AD2d 955; Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, supra; Matter of Marcellus Volunteer Fire Dept. v Stock, 155 AD2d 982).

Also, the award of interest on loss of employment opportunity from July 5, 1986, when damages ceased to accrue, is erroneous. Pursuant to CPLR 5002 and 5004, interest is due at the rate of 9% per annum from the date of the Commissioner's order, November 22, 1994 (see, Matter of State Div. of Human Rights v Gissha White Plains Corp., 107 AD2d 750; State Div. of Human Rights v Massive Economic Neighborhood Dev., 47 AD2d 187, 189).

Thus, we modify the determination by reducing the award for mental anguish to $10,000 and by providing that interest accrue on the award for loss of employment opportunity from November 22, 1994, and otherwise confirm the determination. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Oswego County, Hurlbutt, J.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.