OPINION OF THE COURT
 

 Bellacosa, J.
 

 The State Division of Human Rights (SDHR) found former employer Laverack & Haines, Inc., guilty of age discrimination based on its elimination of employee George Burns’ job. The Appellate Division essentially upheld the SDHR age discrimination determination. One Justice dissented and would have granted the petition to annul the agency’s ruling, and this Court granted leave to appeal.
 

 We now reverse and grant the petition because, while the threshold prima facie case of discrimination was satisfied, the petitioners-appellants (the employer) met their burden of rebuttal by presenting a nondiscriminatory, nonpretextual explanation for the termination of employee-complainant Burns. The overall employment downsizing was the result of business setbacks. The elimination of his job and job title reflected no disparate treatment with respect to the handling of comparable job titles in the Buffalo and Syracuse offices. In sum, the employer was under no legal obligation to create a new or additional job for the fired employee or to bump or displace other employees to make room for him.
 

 Laverack & Haines, Inc., was a company engaged in the representation of self-insured employers in matters before the New York State Workers’ Compensation Board. In January 1978, it hired complainant, George Burns, as the Claims
 
 *737
 
 Manager of its Syracuse, New York, office. By 1982, Laverack started downsizing its operations throughout the State based on severe economic downturns in its business. It sold off several components of its business and terminated several senior level employees. The reorganization eliminated the equivalent Claims Manager position in the company’s Buffalo office; the person previously holding the position, Casimir Wilbert, was dropped down to and retained as a Hearing Representative. In January 1983, continuing its reorganization struggle, Laverack transferred Jack Syracuse (age: early 30s), as a Hearing Representative in the Buffalo office, to assist Burns (age: early 60s), who was still the Claims Manager in the Syracuse office. Thereafter, in late April or early May 1983, Laverack eliminated the position of Claims Manager throughout its branch offices. Burns’ job title was included in this sweep and he was entirely phased out as of July 1983. At the time Burns’ job as Claims Manager ended, Laverack offered him a part-time Hearing Representative position on a consultant, low-paying basis. Burns declined. Laverack offered a similar arrangement to its Albany Claims Manager, who accepted the readjustment. In April 1985, Jack Syracuse’s employment as Hearing Representative in the Syracuse office was also terminated and his position was not refilled. Laverack itself was sold in 1987 and it went entirely out of business in 1989.
 

 In October 1983, Burns filed a discrimination complaint alleging that Laverack improperly ended his employment on the basis of his mid-60s age level, in violation of the Human Rights Law (Executive Law § 296 [1] [a]). Close to 10 years later in 1992, a SDHR Administrative Law Judge issued an opinion, decision and order with recommended findings of fact. The ALJ stated that Laverack had improperly terminated Burns’ employment on the basis of age. The ALJ added that the record indicated that Laverack could have offered employee Syracuse’s position as Hearing Representative to Burns. Within two weeks, Laverack filed objections to the ALJ’s findings with the Commissioner of the SDHR. Six months later, the Adjudication Counsel for the SDHR presented an alternative proposed order for the Commissioner’s consideration. It recommended that the ALJ’s decision be rejected and the complaint dismissed. Burns filed
 
 pro se
 
 objections to the alternative proposed order.
 

 Eight months later in August 1994, the SDHR Commissioner, opting for the report of the ALJ, found that Laverack unlawfully discriminated against Burns by terminating him from
 
 *738
 
 employment because of his age, in violation of Executive Law § 296 (1) (a). The Commissioner determined that Burns had made out a prima facie case of age discrimination, by establishing that while Laverack terminated him, it maintained a younger and less experienced individual in what was characterized as essentially the same position. The Commissioner, however, modified the remedial recommendations made by the ALJ. The final determination reduced the back pay awarded to Burns to $27,378, plus interest assessed from the date of unlawful termination until date of payment at 9% per annum. The award to Burns of $25,000 in compensatory damages for mental anguish was sustained. Furthermore, the Commissioner directed Laverack to pay Burns any pension benefits to which he would have become entitled had he remained in Laverack’s employ for another year and a half until April 12, 1985, also with interest at 9% per annum. Burns would have been 65 and entitled to a vested pension at that point except for his termination in 1983.
 

 The Appellate Division unanimously agreed that a prima facie case of age discrimination was established and that Laverack unlawfully terminated Burns. So do we. The Appellate Division majority, however, further concluded that the SDHR properly rejected employer Laverack’s proffered nondiscriminatory reasons (its failing business) for the termination. That is the issue that divided the Appellate Division and it is in that respect that we reverse, essentially agreeing with Justice Balio’s dissent. In view of our disposition granting the petition to annul the SDHR determination itself, we need not address the remedial damage aspects of the case.
 

 We are satisfied that the record in this case establishes that the employer rebutted the prima facie case of age discrimination with nondiscriminatory, nonpretextual reasons for the termination. The downsizing of a company’s employment rolls, due to business failings and economic setbacks, constitutes a sustainable rebuttal and explanation for the decision to terminate a particular employee, when demonstrated virtually without contradiction, as in this case and record.
 

 This Court, in
 
 Matter of Miller Brewing Co. v State Div. of Human Rights
 
 (66 NY2d 937), established the burdens of persuasion and production in an age discrimination controversy. The Court concluded that satisfaction of the threshold prima facie component of an age discrimination case shifts the burden to employers "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admis
 
 *739
 
 sible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision”
 
 (id.,
 
 at 938). To satisfy this burden, the Appellate Division in
 
 Manning v Norton Co.
 
 (189 AD2d 971), harkening to
 
 Matter of Miller Brewing Co. (supra),
 
 stated that "[a] reduction in work force due to economic conditions has been recognized as a legitimate, independent and nondiscriminatory reason for an employment decision” (Ma
 
 nning v Norton Co., supra,
 
 at 972 [citations omitted]). Applying the principles and guideposts provided by
 
 Matter of Miller Brewing Co. (supra)
 
 and
 
 Manning v Norton Co. (supra),
 
 the Appellate Division in
 
 Kipper v Doron Precision Sys.
 
 (194 AD2d 855), held that an employer was not guilty of discrimination when it fired an employee pursuant to a company decision to terminate one person with a particular job title. The Court stated that ”[p]laintifFs evidence that some tasks which he could have performed were assigned to younger employees after he was terminated is insufficient” to establish that the defendant’s proffered reasons were merely a pretext for age discrimination
 
 (id.,
 
 at 856).
 

 That ruling and the precedents it relies on offer a cogent parallel in this Laverack-Burns controversy. Moreover, support for Laverack’s satisfaction of its burdens of persuasion and production necessary to establish a nondiscriminatory explanation for a disputed employment decision may be discerned from decisions of the United States Supreme Court
 
 (see, McDonnell Douglas Corp. v Green,
 
 411 US 792;
 
 Texas Dept. of Community Affairs v Burdine,
 
 450 US 248;
 
 St. Mary’s Honor Ctr. v Hicks,
 
 509 US 502).
 

 Notably, this Court has also held that the discharge of employees as a result of a city fiscal crisis does not constitute a discriminatory act
 
 (see, Steele v Board of Educ.,
 
 40 NY2d 456;
 
 Matter of Blyn v Bartlett,
 
 39 NY2d 349). Also, in
 
 Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.
 
 (59 NY2d 69), where the claimant alleged that he was discharged unlawfully due to his creed and national origin, this Court upheld the discharge effected under a 1976 employment reorganizational plan
 
 (id.,
 
 at 72).
 

 In the present case, Burns argues, and the Appellate Division majority agreed, that Laverack’s proffered nondiscriminatory reason for the termination was insufficient to rebut complainant’s prima facie case of age discrimination. We conclude that the state of this record and the proof in relation to the guiding precedents discussed above do not support Burns’ and the SDHR’s argument and the ruling at the Appellate Division.
 

 
 *740
 
 No one really disputes that Laverack’s business distress led to the elimination of Burns’ job, among many others, and his job category entirely in all the branch offices. Most significantly, he was not replaced by a younger employee or by anyone at all. The Claims Manager position was removed from the roster of Laverack’s employment slots. Employee Syracuse merely assumed, for a period of time until his own job was also eliminated, some of Burns’ duties. Thus, this arrangement does not constitute an equivalency to the former position. In any event, as the
 
 Kipper (supra)
 
 Court correctly noted, the fact that some of Burns’ responsibilities were assumed by a younger employee is insufficient to establish that Laverack’s proffered reason for terminating complainant’s employment was pretextual. The failing company was not "playing musical chairs,” as rhetorically argued by counsel for SDHR. It was struggling to save its failing business.
 

 Burns also contends that his particular complaint rests on disparate treatment. He argues that Laverack, by not extending to him an option of employment in a lesser title, as it offered to the younger Casimir Wilbert, the former Claims Manager of the Buffalo office, denied Burns equal terms, privileges and conditions of employment in his Syracuse office setting. This contention is not sustainable. First, this is not a case of disparate treatment of employees in the Buffalo and Syracuse offices, because there never was a lower job vacancy in the Syracuse office where Burns worked, as there was in the Buffalo office. The two branch office operations were legally discrete for purposes of the job rearrangements and comparisons presented here. Second, as the Appellate Division dissent correctly noted, Laverack was under no legal obligation to create a new or additional job or to bump or displace lower classified employees as a way to forestall or obviate an unlawful age discrimination complaint. These maneuvers might well have backfired with different discriminatory twists, resulting in a
 
 Hobson’s
 
 choice for the employer.
 

 In sum, appellant employer Laverack rebutted the SDHRcomplainant Burns’ case with a nondiscriminatory, nonpretextual reason for ending Burns’ employment after eliminating his entire job classification in all its branch offices. Laverack had no duty to retain Burns at the expense of another employee by bumping measures or at its own expense by creating a new job slot (a self-evident contradiction, since it could not afford to do so with its business failing as it was).
 

 
 *741
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, and the determination of the New York State Division of Human Rights should be annulled.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order reversed, with costs, petition granted, respondent State Division of Human Rights’ determination annulled and complaint before the Division dismissed.