■ ANN GILROY, Respondent, v CONTINENTAL CORPORATION, Doing Business as CONTINENTAL INSURANCE, Appellant. [655 NYS2d 397] —In an action, *inter alia*, to recover damages pursuant to Executive Law § 296 based on gender discrimination, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated June 4, 1996, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

In an action brought under the New York Human Rights Law alleging unlawful termination based on gender (Executive Law § 296), in order to establish a prima facie case of discrimination, the plaintiff must show that she was within a protected class, that she was qualified for the position in question, that she was denied the position, and that the denial occurred " 'under circumstances which give rise to an inference of unlawful discrimination' " (*Sogg v American Airlines*, 193

AD2d 153, 156, quoting *Texas Dept. of Community Affairs v Burdine*, 450 US 248, 253). This, the plaintiff did not do.

Specifically, the plaintiff did not demonstrate that she was qualified for the new position or that her former position was terminated under the pretext of a company-wide reduction-in-force plan which has been recognized as a legitimate basis for employment termination (*see, Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734; *Kipper v Doron Precision Sys.*, 194 AD2d 855; *Manning v Norton Co.*, 189 AD2d 971). There being no factual issues, and the plaintiff having failed to establish a prima facie case of unlawful termination based on gender, the defendant's motion for summary judgment should have been granted (*see, Wozniak v Components Assembly Div.*, 220 AD2d 934; *Traviglia v Fleet Bank*, 219 AD2d 644). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.