■ In the Matter of VERONICA SPUEHLER, Petitioner, v PEPSI-COLA COMPANY et al., Respondents. [657 NYS2d 982] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated February 15, 1996, made after a hearing, which, upon finding that the complainant, the petitioner herein, had failed to prove either that she was sexually harassed or that the respondent Pepsi-Cola Company permitted a hostile work environment to exist at her worksite, dismissed the complaint.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, with costs.

A determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner), made after a hearing, must be confirmed if it is supported by substantial evidence (*see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights,* 77 NY2d 411, 417; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State*

*Div. of Human Rights*, 45 NY2d 176, 180, *supra*). "Although a contrary decision may be reasonable and also sustainable, a reviewing court may not substitute its judgment for that of the Commissioner if his is supported by substantial evidence" (*Matter of Consolidated Edison Co. v State Div. of Human Rights supra*, at 417).

While the petitioner established a prima facie case of discrimination (*see, Ashker v International Bus. Machs.*, 168 AD2d 724), the respondent Pepsi-Cola Company (hereinafter Pepsi) met its burden of showing legitimate, independent, and nondiscriminatory reasons for its employment decision (*see, Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937; *Kipper v Doran Precision Sys.*, 194 AD2d 855; *Manning v Norton Co.*, 189 AD2d 971). The petitioner failed to show that the reasons offered by Pepsi were pretextual. Accordingly, the Commissioner's determination was supported by substantial evidence.

The petitioner's remaining contentions are without merit. Santucci, J. P., Joy, McGinity and Luciano, JJ., concur.