■ ROBERT HARDY, Respondent, v GENERAL ELECTRIC COMPANY, Appellant. [705 NYS2d 97] —Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered August 2, 1999 in Schenectady County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In August 1993 plaintiff, a 58-year-old engineer working in a research laboratory, was discharged from his employment with defendant's Corporate Research and Development Center

(hereinafter CR&D) located in the Town of Niskayuna, Schenectady County. In May 1995 plaintiff commenced this action alleging that his termination was based on age discrimination in violation of New York's Human Rights Law (Executive Law § 296) and the Age Discrimination in Employment Act of 1967 (29 USC § 621 *et seq.* [hereinafter the ADEA]). Plaintiff's complaint also included two separate contract causes of action. Defendant moved for summary judgment seeking dismissal of the entire complaint on grounds that plaintiff failed to establish a prima facie case and was terminated for legitimate economic reasons. Supreme Court granted the motion as to plaintiff's contract claims; however, the court denied defendant's motion as to plaintiff's age discrimination claim concluding that plaintiff raised issues of fact which precluded summary judgment. On defendant's appeal we modify, finding that defendant is also entitled to summary judgment dismissing plaintiff's age discrimination cause of action.

The Human Rights Law and the ADEA prohibit employers from discharging an employee based upon his or her age (Executive Law § 296 [1] [a]; 29 USC § 621 *et seq.*). New York courts and Federal courts have developed the same standards for analyzing age discrimination cases (*see, Tyler v Bethlehem Steel Corp.*, 958 F2d 1176, 1180, *cert denied* 506 US 826). To recover under his age discrimination claim, plaintiff must first establish by a preponderance of the evidence a prima facie case of discrimination by demonstrating that (1) he is a member of a protected class, (2) he was actively or constructively discharged, (3) he was qualified to hold the position, and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629).

Plaintiff's initial burden "is not a significant hurdle" (*Hutson v McDonnell Douglas Corp.*, 63 F3d 771, 779; *see, Ashker v International Bus. Machs. Corp.*, 168 AD2d 724, 725-726). Once plaintiff has made a prima facie case of age discrimination, the burden shifts to the employer to set forth admissible, legitimate and nondiscriminatory reasons for the termination (*see, Ferrante v American Lung Assn.*, *supra*, at 629; *Kipper v Doron Precision Sys.*, 194 AD2d 855, 856). Upon our review of the evidence submitted by the parties we conclude that, assuming plaintiff established a prima facie case (*see, Ashker v International Bus. Machs. Corp.*, *supra*, at 725), defendant has met its burden of demonstrating an age-neutral explanation for its employment decision (*see, Ferrante v American Lung Assn.*, *supra*, at 629; *Kipper v Doron Precision Sys.*, *supra*, at 856; *see*

*also, Texas Dept. of Community Affairs v Burdine*, 450 US 248, 254; *McDonnell Douglas Corp. v Green*, 411 US 792).

Here, defendant submitted evidence that its workforce reduction was justified for economic reasons and that plaintiff's termination in particular was based on his relative worth to his employer which constituted legitimate and nondiscriminatory reasons for an employee's termination (*see, Kipper v Doron Precision Sys., supra,* at 856; *Manning v Norton Co.,* 189 AD2d 971, 972). In early 1993 senior management at CR&D determined that, because of a projected decrease in revenue, it was necessary to reduce operating costs by reducing its salaried workforce of about 1,365 employees by 10 percent, to be accomplished through voluntary attrition including retirement and resignations, as well as by involuntary layoffs. Management determined which units or programs within CR&D could employ fewer individuals based on expected revenues, and directed mid-level managers to assess each employee's contribution to defendant using a matrix rating system and to select the employees for termination. Terminations were based on those who ranked lowest on the matrix.

Within each particular program targeted for reductions, the matrix system individually evaluated employees, taking into consideration their short and long-term importance to defendant by ranking their performance, technical skills, contribution to defendant and leadership adaptability. The performance factor reflected each employee's most recent annual rating for salary planning purposes which was based upon the employee's performance over an extended period of time. Overall 66 salaried employees were involuntarily terminated at CR&D, 18 of which were in the research unit to which plaintiff was assigned.

Notably, plaintiff had been ranked very low in the most recent annual rating.* The manager of plaintiff's laboratory, Norman Sondheimer, testified that plaintiff was given a low matrix ranking because, *inter alia,* his technical background and expertise did not fit well in the discipline in which he was working and because he had not generated any prospects for

---

* The annual salary-setting process included as a factor a comparison of an employee's current salary and performance rank to outside salary data based on the employee's "years since [Bachelor's] degree," but only after the employee had been evaluated based upon his or her performance relative to his or her work peers. Not all factors in employment decisions which correlate with age are age discriminatory (*see, Hazen Paper Co. v Biggins,* 507 US 604, 611; *Criley v Delta Air Lines,* 119 F3d 102, 105, *cert denied* 522 US 1028). In our view, defendant's use of years of service or years since an employee's Bachelor's degree in setting salaries is, under these circumstances, a permissible employment practice.

outside funding for the exploration project on which he was working. Plaintiff was assigned to that project after his work on an aerospace project ended in late 1992 when the outside contracting aerospace company which was utilizing the laboratory's services decided to reduce funding for its project. In our view, the foregoing proof sufficiently satisfied defendant's burden of articulating an age-neutral explanation for plaintiff's termination.

Defendant having presented nondiscriminatory reasons for plaintiff's termination, the burden then shifted back to plaintiff to establish that defendant's reasons were merely a pretext for age discrimination (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629, *supra*; *Brooks v Blue Cross*, 195 AD2d 814, 815; *Kipper v Doron Precision Sys.*, 194 AD2d 855, 856, *supra*). To defeat a properly supported motion for summary judgment in an age discrimination case, a plaintiff must show that there is a "material issue of fact as to whether (1) the employer's asserted reason * * * is false or unworthy of belief *and* (2) more likely than not the employee's age was the real reason" (*Woroski v Nashua Corp.*, 31 F3d 105, 108-109 [emphasis supplied]). This burden has been further refined to require that plaintiff "establish that the employer did not honestly believe the reasons it gave for terminating him * * * and that age tipped the balance in favor of discharge" (*Pitasi v Gartner Group*, 184 F3d 709, 718).

Here, plaintiff offered his own testimony and that of former coemployees to support his position that defendant's decision was age related and not based upon defendant's financial condition. Each testified to a number of statements made by Sondheimer which, according to plaintiff, showed that he had "a problem with age." One of these statements occurred in 1989, four years before plaintiff's termination, and the others were made by Sondheimer subsequent to plaintiff's termination. In our view, these alleged statements did not raise an issue of fact as to whether age was a motivating factor in plaintiff's termination in 1993 or regarding the falsity of defendant's explanation (*see, Chappell v GTE Prods. Corp.*, 803 F2d 261, 268, *cert denied* 480 US 919; *Rabideau v Albany Med. Ctr. Hosp.*, 195 AD2d 923, 926). Moreover, plaintiff has not demonstrated a causal relationship between these alleged noncontemporaneous remarks and his termination (*see, Hutson v McDonnell Douglas Corp.*, *supra*, at 778; *Philipp v ANR Frgts. Sys.*, 61 F3d 669, 673). In addition, while plaintiff disputes his matrix ranking and suggests that it contradicts his strong work history, there is nothing in the record that suggests that

it was his age rather than, for example, favoritism or ill will which motivated his low ranking, if indeed he was unfairly rated (*see, Brooks v Blue Cross, supra,* at 815).

Further, plaintiff's contention that of the 66 employees terminated 48 were over age 40 by itself reveals no bias, especially in light of the fact that the other employee in plaintiff's lab selected for termination had a Ph.D. and was 34 years of age. Also, a co-worker in the lab who was the same age as plaintiff scored well on the matrix as did another co-worker who was 56 years of age, and neither were terminated. We also reject plaintiff's argument that defendant's age discrimination is demonstrated by his observation at a job counseling meeting subsequent to his termination that 28 of the approximately 50 terminated employees appeared to be over age 50, as this would not prove that defendant's proffered reasons for plaintiff's termination were merely a pretext for age discrimination. Rather, this claimed statistical evidence constitutes nothing more than "[m]ere personal beliefs, conjecture and speculation" and is not probative evidence illustrating that illegal discrimination led to plaintiff's termination (*Chappell v GTE Prods. Corp., supra,* at 268).

Additionally, plaintiff's assertion that he was replaced by a younger employee who took over his work is belied by the record which supports the conclusion that James Comly, age 56 at the time of plaintiff's departure, merely oversaw the exploratory project to which plaintiff had been assigned until that project was transferred to another laboratory. Furthermore, even if Comly did replace plaintiff, a two-year age difference is insignificant and cannot support a case of age discrimination (*see, Heffernan v Colonie Country Club,* 160 AD2d 1062, 1063; *see also, O'Connor v Consolidated Coin Caterers Corp.,* 517 US 308, 313). Finally, plaintiff's contention that after his termination new employees were hired for positions which were available at the time of his termination is likewise not supported in the record.

We have considered plaintiff's remaining contentions and find that they are either not supported in the record or lack merit. Accordingly, Supreme Court should have granted defendant's motion for summary judgment dismissing plaintiff's age discrimination claim.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion regarding plaintiff's age discrimination cause of action; motion granted regarding the age discrimination cause of action and

defendant awarded summary judgment dismissing said cause of action; and, as so modified, affirmed.