■ RONALD H. ARENDT et al., Respondents-Appellants, v GENERAL ELECTRIC COMPANY, Appellant-Respondent. [761 NYS2d 334] —Carpinello, J. Cross appeals (1) from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 4, 2001 in Albany County, which, inter alia, partially granted defendant's motion for summary judgment, and (2) from a judgment of said court, entered July 16, 2002 in Albany County, which, inter alia, partially granted defendant's motion for summary judgment.

Plaintiffs in this age discrimination case are former employees of defendant who were terminated as a result of a 1993 work force reduction.[1] At issue on this appeal are orders of Supreme Court dismissing certain claims and leaving others intact. The parties cross appeal,[2] and we now modify both judgments by granting summary judgment to defendant on all claims.

---

1. Plaintiff Ronald H. Arendt was not laid off; rather, he resigned in August 1994 and now claims that he was constructively discharged. Thus, any discussion throughout the text of this decision pertaining to the termination of "plaintiffs" via the reduction in work force does not pertain to Arendt. This claim will be independently addressed (*see* n 4, *infra*). We also note that three of the original 18 plaintiffs are now deceased (plaintiffs Paul W. Aunkst, Jr., Peter R. Niclas and Richard M. Pfeiffer) and the only record evidence of substitution is by Aunkst's estate thus divesting Supreme Court of jurisdiction over Niclas and Pfeiffer. Plaintiffs do not challenge this latter ruling on appeal and thus the issue is deemed abandoned (*see e.g. Caron v Moore,* 301 AD2d 942, 944 [2003]).

2. *Supreme Court dismissed plaintiffs' claims pursuant to the Age Discrimination in Employment Act (29 USC § 621 et seq.), Title VII of the Civil Rights Act (42 USC § 2000e et seq.) and Civil Rights Law § 40-c. It also*

To establish their age discrimination claim based on allegations of disparate treatment, plaintiffs must first each establish by a preponderance of the evidence that he or she was a member of a protected class, that he or she was actively discharged, that he or she was qualified to hold the position and that each person's discharge occurred under circumstances giving rise to an inference of age discrimination (*see Ferrante v American Lung Assn.,* 90 NY2d 623, 629 [1997]; *Orlando v Rubersi Sales,* 255 AD2d 802, 803 [1998]). Assuming that plaintiffs met this "de minimis" initial burden (*Auerbach v Board of Educ. of Harborfields Cent. School Dist. of Greenlawn,* 136 F3d 104, 109-110 [1998]), our review of the record reveals that defendant convincingly rebutted the presumption of discrimination by setting forth "legitimate, independent, and nondiscriminatory reasons to support its employment decision[s]" (*Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 938 [1985]; *see Ferrante v American Lung Assn., supra*). Said differently, as in *Hardy v General Elec. Co.* (270 AD2d 700, 701 [2000], *lv denied* 95 NY2d 765 [2000]), which involved an age discrimination claim against defendant by a research scientist laid off under the same reduction in work force plan at issue here, "defendant has met its burden of demonstrating an age-neutral explanation for its employment decision[s]" (*id.* at 701).

Defendant established that legitimate economic factors in early 1993 resulted in the need to reduce the salaried research and support staff within its Corporate Research and Development Center (*see Matter of Laverack & Haines v New York State Div. of Human Rights,* 88 NY2d 734, 739 [1996]; *Green v Citibank,* 299 AD2d 182 [2002]; *Kipper v Doron Precision Sys.,* 194 AD2d 855 [1993]; *Manning v Norton Co.,* 189 AD2d 971 [1993]). This goal was to be accomplished through voluntary attrition and involuntary layoffs. Following senior management directives, numerous midlevel human resources managers, laboratory managers, program managers and team leaders made decisions particular to their respective laboratories and programs as to which employees were to be laid off.[3] Simply stated, no one manager made all or even close to all of the layoff decisions. Rather, the decision-making process was

dismissed age-bias salary discrimination claims. As plaintiffs do not specifically challenge the court's dismissal of these claims, these issues are deemed abandoned (*see e.g. Caron v Moore, supra*; *De Cicco v Madison County,* 300 AD2d 706 n 1 [2002]; *Isabell v U.W. Marx,* 299 AD2d 701, 701-702 [2002]). In any event, we find that Supreme Court properly dismissed each of them.

**3.** In May 1993, defendant's Corporate Research and Development Center was comprised of five research centers and ancillary support operations. The five research centers were divided into laboratories, which were further

entirely "decentralized" in that it involved independent decisions of these midlevel managers based upon comparisons of those employees from within the same laboratory, program or operation.

Furthermore, different criteria were utilized by the various managers to evaluate and assess those employees under their supervision. Most evaluations were made through use of a matrix rating system designed to quantify each employee's performance and contribution to defendant. The lowest ranked employees on the matrix were selected for termination. With respect to plaintiffs, defendant specifically established, through detailed affidavits, that each was selected for layoff by his or her respective manager or managers because of low rankings. Defendant further established that most of the managers involved in the layoff decisions did not even know the ages of the employees they were considering for layoff during the time period they were making these decisions (*see e.g. Brennan v Metropolitan Opera Assn.,* 284 AD2d 66, 70 [2001]). In addition to evidence that the layoff decision-making process was decentralized, defendant also offered competent statistical proof negating an inference of age discrimination. As to this proof, it relevantly and appropriately contained comparisons of each "layoff pool," that is, defendant's statistician assessed how each plaintiff was treated compared to similarly situated peers in each person's respective laboratory, program or operation (*see Smith v Xerox Corp.,* 196 F3d 358 [1999]). Such comparisons revealed no statistical evidence to support an inference of age discrimination.

In the face of defendant's successful showing of nondiscriminatory reasons for their terminations, plaintiffs failed to raise a question of fact concerning the falsity of defendant's proffered basis for each of their terminations or that age discrimination was more likely the real reason for same (*see Hardy v General Elec. Co.,* 270 AD2d 700 [2000], *supra*). To be sure, the statistical evidence offered by them wholly failed to conform with *Smith v Xerox Corp.* (*supra*) and was, therefore, properly considered to be lacking in probative value by Supreme Court and insufficient to raise a question of fact. Moreover, their non-statistical evidence amounted to nothing more than conclusory and general allegations of age discrimination, which were insufficient to defeat defendant's motion (*see e.g. Hardy v General Elec. Co., supra; Kelderhouse v St. Cabrini Home,* 259 AD2d 938, 939 [1999]). Since plaintiffs failed to raise a ques-

---

divided into programs. Each of the five centers and each of the laboratories was run by its own manager. Most programs also had separate managers.

tion of fact as to whether they were discharged under circumstances supporting an inference of age discrimination, Supreme Court properly dismissed their disparate treatment claims.[4]

We are further persuaded that Supreme Court improperly shifted the burden of proof to defendant in assessing whether all plaintiffs' failure to rehire claims should have been dismissed.[5] Pursuant to *McDonnell Douglas Corp. v Green* (411 US 792, 802 [1973]), to establish a prima facie claim of discrimination for failure to rehire, plaintiffs must allege that each was a member of a protected class, that each applied for and was qualified for a job for which defendant was seeking applicants, that each was rejected for the position despite such qualifications and that the position remained open and defendant continued to seek applicants from persons with plaintiffs' respective qualifications. Upon our view of the entire record, we are compelled to the conclusion that no plaintiff established this prima facie showing. Certain plaintiffs wholly failed to prove that they actually applied for positions with defendant (*see* n 5, *supra*). Others (i.e., plaintiffs William A. Bednarowski, Carole A. Griner, Craig A. Lanning, Michael E. Lonczak, Habibollah Massoudi, Robert P. Payst and Linda L. Thumhart) failed to establish that they were *qualified* for positions for which they applied and were rejected or that such positions remained open while defendant continued to seek applicants with their similar qualifications (*see McDonnell Douglas Corp. v Green, supra*). Said differently, none of these latter plaintiffs made even the minimal showing "that [he or] she applied for an available position for which [he or] she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination" (*Texas Dept. of Community*

---

4. Arendt's age discrimination claim was properly dismissed by Supreme Court as the record establishes that he voluntarily terminated his employment under circumstances which did not rise to the level of constructive discharge. Specifically, Arendt failed to establish that he was subjected to working conditions which were so intolerable and humiliating as to compel a reasonable person in his position to resign (*see e.g. Matter of Graham v New York City Tr. Auth.*, 242 AD2d 722 [1997], *lv denied* 94 NY2d 759 [2000]; *Mountleigh v City of New York*, 191 AD2d 291 [1993], *lv denied* 83 NY2d 753 [1994]; *see also Flaherty v Metromail Corp.*, 235 F3d 133, 138 [2000]; *Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d 81, 89 [1996]).

5. After finding that plaintiff Judy Hutchison was not pursuing a failure to rehire claim, Supreme Court dismissed, and properly so in our view, the failure to rehire claims of plaintiffs William E. Davidsen, Margaret K. Guyder, Andrew S. Holik, John S. Hutchison, Elizabeth Parks, Stefan J. Rzad and Arendt since none submitted proof that he or she actually applied for a position with defendant following the layoff (*see e.g. Brown v Coach Stores*, 163 F3d 706, 710 [1998]).

*Affairs v Burdine,* 450 US 248, 253 [1981]). In the absence of this prima facie showing, defendant was entitled to summary judgment (*see generally Ferrante v American Lung Assn.,* 90 NY2d 623, 631 [1997], *supra; compare Texas Dept. of Community Affairs v Burdine, supra* at 253 n 6; *Brown v Coach Stores,* 163 F3d 706 [1998]).

Finally, pursuant to this Court's decisions in *Di Mascio v General Elec. Co.* (293 AD2d 842 [2002], *lv dismissed* 98 NY2d 693 [2002]) and *Bohlke v General Elec. Co.* (293 AD2d 198 [2002], *lv dismissed* 98 NY2d 693 [2002]), all of plaintiffs' disparate impact claims under the Human Rights Law should have been dismissed by Supreme Court.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment entered December 4, 2001 is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiffs' disparate impact and failure to rehire claims; motion granted to that extent and summary judgment awarded to defendant dismissing said claims; and, as so modified, affirmed. Ordered that the judgment entered July 16, 2002 is modified, on the law, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiff Paul W. Aunkst's failure to rehire claim; motion granted to that extent and summary judgment awarded to defendant dismissing said claim; and, as so modified, affirmed.