■ BERNARD A. HETTRICK, Appellant, v JAMES R. STARK et al., Respondents. [771 NYS2d 133]—

In an action, inter alia, pursuant to Executive Law § 296 to recover damages for employment discrimination, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 21, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action, inter alia, pursuant to Executive Law § 296 to recover damages for employment discrimination. After the plaintiff's job at the Riverhead municipal landfill was abolished due to the closure of the landfill, he was not rehired to a comparable job following his return from nonwork-related sick leave. In support of their motion for summary judgment dismissing the complaint, the defendants established, prima facie, that the reason the defendant was not rehired for a comparable job was that he never applied for any replacement employment with the Town of Riverhead (*see Arendt v General Elec. Co.*, 305 AD2d 762, 765 [2003], *lv denied* 100 NY2d 513 [2003]). Rather, the plaintiff sought, and obtained, a disability retirement. Generally, before a plaintiff can complain of discrimination in not being hired, he must have first applied for a job (*see McDonnell Douglas Corp. v Green*, 411 US 792, 802 [1973]; *Arendt v General Elec. Co., supra*). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact that he was the victim of discrimination due to his age or disability. Therefore, the Supreme Court correctly granted the defendants' motion.

The plaintiff's remaining contentions are without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.