■ CLARENCE SOMMERVILLE, Appellant, v R.C.I. et al., Respondents. [684 NYS2d 53] —Mikoll, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered April 8, 1998 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, who is an African American, was employed by defendant R.C.I. to sell long-distance telephone services to businesses. He received a base salary and commissions in accordance with R.C.I.'s incentive compensation plan. In February 1993, plaintiff submitted, as new business for purposes of commission and credit to his sales quota, the sale of an "800" number to Arett Sales. In checking the order, R.C.I. determined that Arett Sales had purchased a business known as Pascack Sales, Inc., which was an existing R.C.I. long-distance customer, and that as part of the buyout Pascack Sales agreed to transfer its 800 number to Arett. Consequently, this "sale" did not generate any new revenue or income to R.C.I. and, as such, plaintiff would not be entitled to any sales credit or commission therefor. Plaintiff was immediately terminated for misrepresenting this transaction as new business in violation of R.C.I.'s compensation plan.

Plaintiff commenced this action alleging that he was wrongfully terminated solely because of his race in violation of Executive Law § 296 (1) (a). Supreme Court, finding that plaintiff failed to state a cause of action, granted defendants' motion for summary judgment and plaintiff appeals.

To support a cause of action under Executive Law § 296 (1) (a), plaintiff was required to show that (1) he was a member of the class protected by the statute, (2) he was actually or constructively discharged, (3) he was qualified to hold the position, and (4) the discharge occurred under circumstances raising the inference of unlawful discrimination (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629; *Matter of Milonas v Rosa*, 217 AD2d 825, *lv denied* 87 NY2d 806). While we are not satisfied that plaintiff met the fourth element of this initial burden, we shall so assume for purposes of this analysis. The

burden then shifted to defendants to establish " 'legitimate, independent, and nondiscriminatory reasons to support its employment decision' " (*Ferrante v American Lung Assn., supra,* at 629).

In support of their motion for summary judgment, defendants submitted evidence in the form of the deposition testimony of plaintiff's supervisor and various e-mails contemporaneous with the event, establishing that plaintiff was terminated for submitting the Arett Sales account as new business in violation of the company's policies. Defendants also submitted R.C.I.'s written incentive compensation plan, which not only sets forth the terms upon which commissions will be paid but expressly provides for disciplinary action, including termination, for misrepresentation of sales for purposes of obtaining a commission. Finally, defendants' submissions disclose that plaintiff had engaged in similar practices previous to his termination and had been explicitly advised that it was contrary to R.C.I.'s policies.

Once defendants proffered this evidence, it was incumbent upon plaintiff to show the existence of a material issue of fact as to the falsity of the employer's asserted reason for the termination and that the discrimination was more likely than not the real reason for such termination (*see, Ferrante v American Lung Assn., supra,* at 630-631). Plaintiff has wholly failed to offer any evidence raising an issue of fact as to either question. His argument that there exists a material issue as to whether the account of Arett Sales was new business misses the mark. His Executive Law claim survives only if he can show that defendant's proffered reason was false or pretextual and that his termination was most likely racially motivated. As an at-will employee, plaintiff could be discharged at any time for any nondiscriminatory reason. Even assuming, arguendo, that R.C.I. terminated plaintiff in the mistaken belief that he had violated its sales and compensation policy, without a showing that its articulation of such basis was designed to mask racial discrimination, plaintiff has no cause of action against R.C.I. The conclusory allegations of plaintiff and his counsel, unsupported by any evidentiary basis, do not suffice and, therefore, summary judgment was properly granted in favor of defendants.

Plaintiff's remaining arguments are similarly without merit. His claim for intentional infliction of emotional distress is essentially a restatement of his wrongful discharge claim, and in any event does not allege the type of extreme and outrageous conduct required to make out a prima facie case for that tort

(see, *Howell v New York Post Co.*, 81 NY2d 115, 121; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303; *Cavanaugh v Doherty*, 243 AD2d 92, 102).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.