■ Richard Kelderhouse, Appellant, v St. Cabrini Home et al., Respondents. [686 NYS2d 914] —Carpinello, J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 19, 1997 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant St. Cabrini Home as a campus support services manager when he was terminated at the age of 56 for falsifying his time sheets. After being replaced by a younger, less-experienced person, he commenced this ac-

tion pursuant to Executive Law article 15 alleging age discrimination. Defendants' motion for summary judgment dismissing the complaint was granted by Supreme Court. Plaintiff appeals.

While plaintiff demonstrated a prima facie case of discrimination (see, *Ferrante v American Lung Assn.*, 90 NY2d 623, 629), defendants succeeded in establishing that plaintiff's termination was based on a legitimate, independent and nondiscriminatory employment decision (see, *id.*; *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938). In support of their motion for summary judgment, defendants submitted an affidavit of defendant Ken Seltman, plaintiff's supervisor, along with copies of plaintiff's time sheets and campus management maintenance logs. Seltman averred that he was unable to contact plaintiff at home in response to a maintenance emergency because the telephone number provided by plaintiff was incorrect. This prompted Seltman to compare plaintiff's time sheets regarding past call-ins with the logs which documented the date, time and nature of a call to maintenance personnel. According to defendants, plaintiff was discharged after a comparison of these records revealed 74 false call-ins over a three-year period. This evidence supports a nondiscriminatory reason for plaintiff's termination.

Accordingly, the burden shifted to plaintiff to prove by a preponderance of the evidence that defendants' stated reason for his termination was merely a pretext for discrimination (see, *Matter of Miller Brewing Co. v State Div. of Human Rights*, supra, at 938-939; see also, *Texas Dept. of Community Affairs v Burdine*, 450 US 248, 252-253). This he failed to do. In opposition to summary judgment, plaintiff denied falsifying his time sheets and attributed Seltman's allegations to his unfamiliarity with the call-in procedures. Notably, a challenge by a discharged employee to the *correctness* of an employer's decision does not, without more, give rise to the inference that the employee's discharge was due to age discrimination (see, *Ioele v Alden Press*, 145 AD2d 29, 36-37). As to this critical issue, plaintiff merely argues that he was replaced with someone 20 years his junior and that he "steadfastly believe[s]" he was terminated because of his age. These conclusory statements were insufficient to defeat defendants' motion (see, *Heffernan v Colonie Country Club*, 160 AD2d 1062, 1062-1063). Accordingly, Supreme Court did not err in granting defendants summary judgment.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.