■ AMY G. HORWITZ, Appellant, v L. & J.G. STICKLEY, INC., Respondent. [760 NYS2d 588] —Appeal from an order of the Supreme Court (Malone, Jr., J.), entered August 30, 2002 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, who is afflicted with bipolar disorder, applied for a receptionist position at defendant's store, located in the Town of Colonie, Albany County. After several interviews, plaintiff accepted a job offer. On March 3, 1999, plaintiff went to defendant's store to fill out paperwork, including a medical questionnaire. She did not fully complete the questionnaire and was required to fill out another on March 9, 1999, the day she was scheduled to begin work. Although both forms disclosed her bipolar disorder, plaintiff failed to indicate on the first form that she had received workers' compensation benefits as a result of her disorder and failed to complete the section on medical history on both forms. Nor did she indicate that she had been treated by a physician in the past 12 months on the first questionnaire, despite the fact that she had seen a psychiatrist and was taking several prescription medications. Allegedly due to the concerns of defendant's human resources coordinator and retail operations manager about discrepancies in the forms, plaintiff was sent home and terminated later that day.

Plaintiff commenced an action in the US District Court for the Northern District of New York, alleging violations of the Federal Americans with Disabilities Act (hereinafter ADA) and the Human Rights Law (*see* Executive Law § 290 *et seq.*). Upon defendant's motion, District Court dismissed the ADA claim and declined to exercise its jurisdiction to determine the Human Rights Law claim (*Horwitz v L. & J.G. Stickley, Inc.*, 122 F Supp 2d 350 [2000], *affd* 20 Fed Appx 76 [2d Cir 2001]).*

Plaintiff then initiated this action, claiming that defendant

---

* At plaintiff's request, the State Division of Human Rights also dismissed her prior complaint alleging violations of the Human Rights Law.

violated the Human Rights Law. Following joinder of issue, defendant moved for summary judgment. Supreme Court granted the motion and dismissed the complaint, concluding that plaintiff failed to raise an issue of fact regarding whether defendant's stated nondiscriminatory reason for the discharge was pretextual. Plaintiff now appeals and we affirm.

To establish a prima facie case of discrimination under the Human Rights Law, plaintiff must demonstrate "that (1) [she] was a member of the class protected by the statute, (2) [she] was actually or constructively discharged, (3) [she] was qualified to hold the position, and (4) the discharge occurred under circumstances raising the inference of unlawful discrimination" (*Sommerville v R.C.I.*, 257 AD2d 884, 884 [1999]; *see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Assuming without deciding that plaintiff made the required showing here, the burden then shifted to defendant " 'to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision' " (*Ferrante v American Lung Assn., supra* at 629, quoting *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938 [1985]).

In support of its motion for summary judgment, defendant submitted affidavits and deposition testimony of its nurse practitioner and retail operations manager detailing the discrepancies in plaintiff's answers on the two questionnaires. The retail operations manager explained that he ordered plaintiff's termination because he believed the discrepancies indicated that plaintiff had not been truthful in answering the questionnaires. Defendant's regional operations manager, who interviewed plaintiff and offered her the position, stated in deposition testimony and in an affidavit that she was told by defendant's human resources coordinator that plaintiff would be terminated as a result of her answers on the second medical questionnaire. This evidence was sufficient to rebut any presumption of discrimination that plaintiff may have established, thus shifting the burden back to her to raise a question of fact regarding whether defendant's claimed reasons for the termination were pretextual (*see Sommerville v R.C.I., supra* at 885; *Wozniak v Components Assembly Div.*, 220 AD2d 934, 935 [1995]).

Although plaintiff offered interpretations of the questionnaire that suggest that her answers were not deliberately untruthful and indicated that defendant failed to inform her that she was terminated due to discrepancies in the medical

forms, she offered no evidence demonstrating that defendant's explanation for the termination was false or pretextual. Accordingly, plaintiff failed to raise a triable issue of fact and Supreme Court properly dismissed the complaint. In light of our holding, we do not address defendant's remaining contentions in support of an affirmance here.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.