■  JULIO OSPINA, Appellant, v SUSQUEHANNA ANESTHESIA AFFILIATES, P.C., Respondent. [803 NYS2d 751]—

Carpinello, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 2, 2004 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff is an anesthesiologist who was employed by defendant for over two decades until his contract was terminated on June 15, 2000. Defendant provides anesthesia services for all surgical procedures at Wilson Memorial Hospital in Broome County. All anesthesiologists in the group are expected to handle all types of cases, including complex cases. The termination of plaintiff's contract stemmed from concerns for patient safety while under his care. Indeed, plaintiff himself requested a leave of absence from the practice in May 2000 because, in his own words, the work became "excessive" and he "felt tired." Defendant granted plaintiff a temporary leave but thereafter denied his request to return to work on a part-time basis with low-risk

anesthesia cases only.[1] Apparent discussions regarding plaintiff's possible retirement from the practice proved fruitless, thus prompting defendant's board of directors to terminate his contract effective September 15, 2000.[2] Plaintiff, who was 65 years old at that time, then commenced this action alleging age discrimination under New York's Human Rights Law (Executive Law § 296) and the Age Discrimination in Employment Act (29 USC § 621 *et seq.*). At issue is an order of Supreme Court granting defendant's motion for summary judgment.

We affirm. First, although we are skeptical that plaintiff even met his de minimis burden of establishing a prima facie case of age discrimination under the factors outlined in *Ferrante v American Lung Assn.* (90 NY2d 623, 629 [1997]), we will assume, without deciding, that such burden was met. Defendant, however, met its burden of demonstrating an age-neutral explanation for its decision to terminate plaintiff's contract (*see id.*). Defendant submitted evidence that it terminated plaintiff's contract after numerous surgeons either complained about his performance during surgery or outright refused to work with him because they felt he was a danger to patients.[3] This constitutes a legitimate and age-neutral explanation for its decision to terminate the contract (*see generally Kelderhouse v St. Cabrini Home*, 259 AD2d 938, 939 [1999]). An additional legitimate and nondiscriminatory reason for plaintiff's termination was his unwillingness to work full time or handle complex cases, restrictions that defendant found "nearly impossible" to work around.

With defendant having presented nondiscriminatory reasons for terminating plaintiff's contract, plaintiff, in turn, failed to establish that "defendant['s] reasons were merely a pretext for discrimination" (*Moon v Clear Channel Communications*, 307 AD2d 628, 632 [2003]; *see Ferrante v American Lung Assn., supra* at 629-630). On this issue, plaintiff testified, without specification or detail, that one doctor in his group twice called him old in the presence of another doctor and that other, unnamed doctors "implied" that he was old. Plaintiff was unable to recall specific details or a time frame for these comments. In our view, these alleged statements and implications did not

---

1. The employment contract between the parties obligated plaintiff to work full time for the practice, as well as provide emergency and weekend coverage.

2. The employment contract permitted either party to terminate it on 90 days notice.

3. Putting aside the debate over whether plaintiff was in fact responsible for certain patient deaths and/or injuries in 1999 and 2000, it was unequivocally established that numerous surgeons no longer had confidence in his ability to perform as an anesthesiologist.

raise an issue of fact as to whether age was a motivating factor in the termination of his contract or the falsity of defendant's explanation (*see Hardy v General Elec. Co.*, 270 AD2d 700, 703-704 [2000], *lv denied* 95 NY2d 765 [2000]). While plaintiff further claims that age discrimination can be inferred because two younger doctors were hired "in his place," the record establishes that both were hired well before plaintiff's employment contract was terminated (*see Orlando v Rubersi Sales*, 255 AD2d 802, 804 [1998]). Finally, to the extent that plaintiff denies that he was responsible for the death or injury of any patient (*see* n 3, *supra*), we note that "a challenge by a discharged employee to the *correctness* of an employer's decision does not, without more, give rise to the inference that the employee's discharge was due to age discrimination" (*Kelderhouse v St. Cabrini Home, supra* at 939; *see Ioele v Alden Press*, 145 AD2d 29, 36-37 [1989]).

We are unpersuaded by plaintiff's remaining contention that summary judgment was improperly awarded because discovery was incomplete.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.