■ CESIDIO DI MASCIO et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. [812 NYS2d 145]—

Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered February 25, 2005 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs are seven former employees of defendant who were all over the age of 40 when defendant terminated their jobs between October 1994 and November 1997. They commenced this action in June 1998 alleging, among other things, age discrimination in violation of the Human Rights Law (see Executive Law § 290 et seq.). The disparate impact theory of their discrimination claim was previously dismissed (293 AD2d 842 [2002], lv dismissed 98 NY2d 693 [2002]) and, following discovery and resolution of disputes arising therein (307 AD2d

600 [2003]), defendant moved for summary judgment dismissing the remaining claims. In a thorough and well-reasoned decision, Supreme Court granted defendant's motion. Plaintiffs appeal* and we affirm.

"To support a prima facie case of age discrimination under the Human Rights Law, [the] plaintiff must demonstrate (1) that he [or she] is a member of the class protected by the statute; (2) that he [or she] was actively or constructively discharged; (3) that he [or she] was qualified to hold the position from which he [or she] was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997] [citations omitted]; *see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]; *Hardy v General Elec. Co.*, 270 AD2d 700, 701 [2000], *lv denied* 95 NY2d 765 [2000]). When that low threshold is met, "the burden shifts to the employer to set forth admissible, legitimate and nondiscriminatory reasons for the termination" (*Hardy v General Elec. Co., supra* at 701; *see Arendt v General Elec. Co.*, 305 AD2d 762, 763 [2003], *lv denied* 100 NY2d 513 [2003]). If the employer sufficiently shows such reasons, a plaintiff can nevertheless avert summary judgment by producing competent evidence raising a factual issue as to whether the reasons offered by the employer were "merely a pretext for discrimination" (*Forrest v Jewish Guild for Blind*, 3 NY3d 295, 305 [2004]; *see Hardy v General Elec. Co., supra* at 703).

It is not seriously disputed that most plaintiffs met their initial low threshold and our review of the record reveals that defendant submitted ample evidence to establish that its reduction in work force during the relevant time was undertaken for financial reasons, which is a legitimate and nondiscriminatory reason for employment decisions (*see Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734, 739 [1996]; *Arendt v General Elec. Co., supra* at 763). Moreover, defendant showed that the methods it used to select employees for termination were nondiscriminatory.

Plaintiffs Cesidio Di Mascio (age 56), Dale R. Oroszi (age 55),

---

* We note that the claim of plaintiff Stanley H. Strauss, which accrued in August 1994 and was commenced in June 1998, was dismissed by Supreme Court as barred by the three-year statute of limitations (*see* CPLR 214 [2]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 307 [1983]; *Kwarren v American Airlines*, 303 AD2d 722, 722 [2003]). Any challenge to the dismissal of Strauss' claim upon such ground has been abandoned by plaintiffs' failure to pursue the issue on appeal (*see Brandt-Miller v McArdle*, 21 AD3d 1152, 1153 n 2 [2005]).

John E. Plantz (age 49) and Anthony S. Zullo (age 56) were all laid off in October 1995 following procedures in which their respective unit managers used a matrix ranking system to compare employees within their units by several criteria, including performance, productivity, versatility, critical skills and company service. In each situation, these plaintiffs were in the lowest ranking by their managers. Other individuals of a similar age and older within the units who received high rankings were kept as employees. Also, individuals much younger than these plaintiffs were laid off because of low rankings. The managers involved in the decisions to terminate plaintiffs submitted affidavits explaining the reasons for the low rankings of each of these plaintiffs and denying that age was a consideration. In similar cases (*see Arendt v General Elec. Co., supra*; *Hardy v General Elec. Co., supra*), we have found such evidence sufficient to meet the employers' burden and so find as to those four plaintiffs.

Plaintiff Patricia A. Keating, who was having difficulty meeting the job expectations and was about to be placed on a 90-day improvement plan, instead opted for an early retirement incentive in 1997. She was 58 years old and was replaced by a 56-year-old individual. The secretarial job of 54-year-old plaintiff Bernadette E. Guile was eliminated in 1997 when most of her duties became automated. Approximately one year earlier, she had been offered the option of going to a position where she could have displaced or bumped less senior employees, but she elected to remain in the position that was eventually eliminated. Defendant established legitimate and nondiscriminatory reasons for these two plaintiffs leaving its employment.

Plaintiffs' efforts to show a pretextual reason for the job losses rely heavily upon purported statements in certain videotapes by defendant's former CEO, Jack Welch, and an affidavit by a former employee of defendant, Felix Murphy, who settled an age discrimination action he brought against defendant in federal court. As to the Welch videotapes, this Court previously reviewed them and upheld a hearing officer's determination that they contained no statements relevant to these age discrimination claims (*see* 307 AD2d 600, 601, *supra*). Nothing to the contrary is established by the record currently before us. Supreme Court refused to consider the Murphy affidavit since his settlement agreement (which was negotiated by the same counsel representing these plaintiffs) unequivocally provided that he could not "voluntarily provide support or assistance, directly or indirectly, to other individuals or private organizations in connection with any action, charge, complaint, suit or

proceeding . . . against defendant." Although he was not precluded "from testifying or otherwise giving evidence . . . under compulsion of law," his affidavit in the current motion does not fall within this exception and was properly disregarded by Supreme Court (*cf. Carney v Carozza*, 16 AD3d 867, 868 [2005] ["A stipulation of settlement is essentially a contract between the parties which must be enforced according to its terms."]). The other grounds that plaintiffs contend create triable issues have been reviewed and found unpersuasive and, thus, Supreme Court properly granted defendants' summary judgment motion.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.