■ DALJIT SINGH, Appellant, v STATE OF NEW YORK OFFICE OF REAL PROPERTY SERVICES et al., Respondents. [837 NYS2d 378]—

Kane, J. Appeal from that part of an order of the Supreme Court (Doyle, J.), entered February 16, 2006 in Albany County, which granted defendants' motion for summary judgment dismissing plaintiff's unlawful discrimination and unlawful retaliation claims under title VII of the Civil Rights Act of 1964.

Plaintiff, who is originally from India, was hired by defendant State of New York Office of Real Property Services (hereinafter defendant). The only other people working in her unit, Steve Beals and Paul Bedrey, were two of the three individuals who interviewed her and selected her for the position over two

---

Caucasian applicants. Beals was plaintiff's initial supervisor. He signed her first evaluation, which was unsatisfactory. Plaintiff alleges that she had a difficult time working with Beals. Due to Beals taking a leave of absence, Bedrey completed plaintiff's second evaluation, which was satisfactory but noted some areas for improvement. When Beals returned, there was some confusion as to whether Beals or Bedrey was plaintiff's supervisor. Beals signed her timecards but Bedrey assigned her work and completed her third and fourth performance evaluations. During plaintiff's first year, the trainee program was reconfigured resulting in the elimination of her job title, placing her in a new job title with promotions after certain time periods and extending the one-year probationary term to two years in accordance with the new, longer trainee program. Plaintiff's third evaluation was unsatisfactory, prompting her to submit a written rebuttal. Her fourth evaluation was also unsatisfactory and recommended her termination, which followed soon thereafter. Plaintiff submitted a rebuttal to her final evaluation blaming the errors on her supervisors, asserting that her performance was more than satisfactory and requesting removal of her poor evaluations from her record.

Plaintiff appealed her termination to the Civil Service Commission, which concluded that defendant had complied with the relevant procedural requirements. She filed a complaint with the State Division of Human Rights. The Division's investigation revealed insufficient evidence to support plaintiff's allegations and found no probable cause to believe that defendant engaged in an unlawful discriminatory practice. The Equal Employment Opportunity Commission adopted the Division's findings and issued plaintiff a right-to-sue letter.

Plaintiff commenced this action alleging, as relevant here, that defendant discriminated against her in violation of title VII of the Civil Rights Act of 1964 (see 42 USC § 2000e et seq.) and retaliated against her for engaging in acts protected under that title. Upon defendants' motion for summary judgment dismissing the complaint, Supreme Court granted the motion in its entirety, finding that although plaintiff presented a prima facie case of discrimination, she failed to show that defendant's legitimate reasons were pretextual. Plaintiff appeals from that part of the order which dismissed her causes of action alleging unlawful discrimination and retaliation by defendant under title VII.

A three-part analysis applies to summary judgment motions where a plaintiff alleges employment discrimination based on national origin and color. The plaintiff must first present a prima facie case of discrimination by showing that "(1) she is a

member of a protected class; (2) she was qualified to hold the position; (3) she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]). When that low threshold is met, the burden shifts to the employer to rebut the presumption of discrimination by setting forth admissible evidence of legitimate and nondiscriminatory reasons for the termination (*see id.; Di Mascio v General Elec. Co.*, 27 AD3d 854, 855 [2006]). If the employer sufficiently proffers such reasons, the plaintiff can avoid summary judgment by proving that the employer's stated reasons "were merely a pretext for discrimination by demonstrating both that the stated reasons were false and that discrimination was the real reason" (*Forrest v Jewish Guild for the Blind, supra* at 305).

As for plaintiff's initial burden, defendant concedes that the first three elements are present here. While we are not entirely satisfied that the fourth element has been met, even if we assume that the initial burden was overcome, plaintiff still cannot prevail (*see Horwitz v L. & J.G. Stickley*, 305 AD2d 956, 957 [2003]; *Sommerville v R.C.I.*, 257 AD2d 884, 884-885 [1999]). Defendant established, through plaintiff's performance evaluations and deposition testimony of her supervisors, that it legitimately terminated plaintiff due to her unsatisfactory job performance. Although she disagreed with her supervisors' evaluations, plaintiff was unable to provide any proof that discrimination was the real reason for her termination. At her deposition, she testified that she never heard, or heard about, any of defendant's employees making any comments about her national origin, color or accent and that Bedrey never made any derogatory comments about her whatsoever. The only statement possibly related to national origin, allegedly made by her second-line supervisor, was that "[o]nly in this country can you file a grievance." Accepting that he made this statement, which he denies, plaintiff testified that it was uttered after she was notified of her termination. When specifically asked whether she believed that she was treated differently based on her national origin, she answered, "I don't know why I was treated differently." She explained that she felt harassed by Beals and that a different standard applied to him than her, but there is no evidence that any different treatment or the alleged harassment she experienced was based on race (*see Forrest v Jewish Guild for the Blind, supra* at 309). "[M]ere personality conflicts must not be mistaken for unlawful discrimination" (*id.*).

Additionally, considering that the supervisors who terminated

her were also responsible for hiring her a little more than a year earlier, when she interviewed for the position against two Caucasian candidates, a strong inference exists that no discrimination was involved in the termination decision (*see Dickerson v Health Mgt. Corp. of Am.*, 21 AD3d 326, 329 [2005]; *Moon v Clear Channel Communications*, 307 AD2d 628, 632 [2003]). Even her post-termination appeal to the Civil Service Commission did not mention discrimination. Hence, defendant was entitled to summary judgment on plaintiff's title VII discrimination cause of action.

Plaintiff also failed to sustain her retaliation claim. Such a claim requires her to prove that she engaged in a protected activity, her employer was aware of her participation in such activity, she was terminated and there is a causal connection between the protected activity and her termination (*see Forrest v Jewish Guild for the Blind, supra* at 313; *Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]; *McMenemy v City of Rochester*, 241 F3d 279, 282-283 [2d Cir 2001]). Plaintiff did not present evidence that she was engaged in a protected activity, namely opposing or complaining about unlawful discrimination, prior to her termination or that defendant was aware of any such activity. She did not file a complaint with the Division of Human Rights or the Equal Employment Opportunity Commission until after her termination. She asserts that she asked a union representative whether discrimination might be involved in the alleged harassment she experienced, but the union representative denied having that conversation. Even if that conversation occurred and such a vague comment could be construed as engaging in protected activity, there is no proof that defendant was aware of it. Despite having meetings with her superiors and the personnel department relating to her difficulties with Beals and disagreements with her negative performance evaluations, plaintiff never complained about or even mentioned discrimination. Nor did she file a written complaint pursuant to defendant's antidiscrimination policy in its employee handbook (*see Forrest v Jewish Guild for the Blind, supra* at 313). There is simply no proof to support plaintiff's retaliation claim, making summary judgment appropriate.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.