State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 29, 2015                518004
_____

HOWARD MIRANDA,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

ESA HUDSON VALLEY, INC.,
                    Respondent.
_____


Calendar Date:  November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Russell A. Schindler, Kingston, for appellant.

        Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Robert
Cook of counsel), for respondent.


                        _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Gilpatric, J.),
entered February 7, 2013 in Ulster County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

        Plaintiff began working for defendant as an ambulette
driver in February 2009 and, after renewing his certification,
was employed by defendant as a paramedic.  In addition to
providing patient care, plaintiff had certain responsibilities
relative to defendant's supply of controlled substances, which
were stored in a locker or "narcotics box" at defendant's
facility.  The locker/box in question contained two locked doors;
for each shift, the emergency medical technician (hereinafter
EMT) would be assigned a key to the outer door, and his or her
paramedic partner would be assigned a key to the inner door — the

basic premise being that no one individual would have access to the narcotics secured therein. In addition to maintaining the security of the controlled substances on hand, plaintiff also was responsible for conducting an inventory thereof and logging the controlled substances kit in and out of the locker at the beginning and end of each shift.

In October 2009, a fellow employee complained that plaintiff had touched him inappropriately, in response to which plaintiff was required to attend a sexual harassment seminar. No further disciplinary action was taken against plaintiff as a result of this incident. Thereafter, in December 2009, a nurse at a local hospital filed a complaint regarding plaintiff's allegedly abrasive behavior and, in a separate incident, plaintiff was overheard discussing patient care issues in public in violation of defendant's policies and the Health Insurance Portability and Accountability Act. Again, although the disciplinary violations were noted in plaintiff's personnel file, no further action was taken. In January 2010, however, defendant became aware of certain discrepancies and/or inaccuracies in the entries made by plaintiff in defendant's controlled substances log and daily inventory sheets. After discovering the noted discrepancies, defendant's representatives reviewed the video surveillance of the area where the controlled substances locker is kept, at which time it was noted that the locker had not been properly secured. Specifically, after plaintiff and his EMT partner completed their assigned shift on the day in question and placed the controlled substances kit back in the locker, plaintiff locked the inner door with his assigned key; his EMT partner, however, not only failed to lock the outer door, but actually left his key in the outer door for approximately 45 minutes until he discovered his error. Citing what it believed to be a "serious violation of company policy regarding the security of controlled substances," defendant terminated plaintiff's employment.

Plaintiff thereafter commenced this action against defendant alleging that he had been fired due to his sexual orientation. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved to strike defendant's answer based upon the

spoilation of evidence – specifically, certain records pertaining to the use and possession of the controlled substances kits during the time period at issue.  Supreme Court granted defendant's motion and denied plaintiff's cross motion, prompting this appeal.

We affirm.  To support a prima facie case of discrimination under the Human Rights Law (see Executive Law § 296 [1] [a]), a plaintiff must establish: "(1) that he [or she] is a member of the class protected by the statute; (2) that he [or she] was actively or constructive discharged; (3) that he [or she] was qualified to hold the position from which he [or she] was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of . . . discrimination" (Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; see DeKenipp v State of New York, 97 AD3d 1068, 1069 [2012]; Singh v State of N.Y. Off. of Real Prop. Servs., 40 AD3d 1354, 1355-1356 [2007]).  Assuming that low threshold is met, "[t]he burden then shifts to the employer to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision" (Ferrante v American Lung Assn., 90 NY2d at 629 [internal quotation marks and citation omitted]; accord Horwitz v L. & J.G. Stickley, 305 AD2d 956, 957 [2003]; see Di Mascio v General Elec. Co., 27 AD3d 854, 855 [2006]; Moon v Clear Channel Communications, 307 AD2d 628, 632 [2003]).  If, in turn, the employer proffers the required nondiscriminatory reasons, "the plaintiff can avoid summary judgment by proving that the employer's stated reasons were merely a pretext for discrimination by demonstrating both that the stated reasons were false and that discrimination was the real reason" (Singh v State of N.Y. Off. of Real Prop. Servs., 40 AD3d at 1356 [internal quotation marks and citation omitted]; see Ferrante v American Lung Assn., 90 NY2d at 629-630; Di Mascio v General Elec. Co., 27 AD3d at 855; Sommerville v R.C.I., 257 AD2d 884, 885 [1999]).  "Notably, a challenge by a discharged employee to the correctness of an employer's decision does not, without more, give rise to the inference that the employee's discharge was due to . . . discrimination" (Kelderhouse v St. Cabrini Home, 259 AD2d 938, 939 [1999]; accord Ospina v Susquehanna Anesthesia Affiliates,

P.C., 23 AD3d 797, 799 [2005], lv denied 6 NY3d 705 [2006]).
Stated another way, "[i]t is not enough for the plaintiff to show
that the employer made an unwise business decision, or an
unnecessary personnel move.  Nor is it enough to show that the
employer acted arbitrarily or with ill will.  These facts, even
if demonstrated, do not necessarily show that [discrimination]
was a motivating factor.  [A] [p]laintiff cannot meet his [or
her] burden of proving pretext simply by refuting or questioning
the defendant['s] articulated reason" for terminating the
plaintiff's employment (Ioele v Alden Press, 145 AD2d 29, 36
[1989] [internal quotation marks and citations omitted]).

       Here, there is no question that plaintiff is a member of a
class protected by the statute, that he was terminated from his
employment and that he was otherwise qualified — during the
relevant time period — to hold the position of a paramedic in
defendant's organization.  Although we are not entirely convinced
that plaintiff was discharged under circumstances that give rise
to the inference of unlawful discrimination, we will assume for
purposes of the underlying summary judgment motion that plaintiff
established a prima facie case of discrimination based upon his
sexual orientation (cf. Ospina v Susquehanna Anesthesia
Affiliates, P.C., 23 AD3d at 798), thereby shifting the burden to
defendant.

       In this regard, the record reflects that defendant indeed
established a legitimate and nondiscriminatory basis for firing
plaintiff — namely, plaintiff's violation of defendant's
controlled substances policies and procedures.  The EMT who was
working with plaintiff on the day in question conceded that he
left the outer door to the controlled substances locker unlocked
and unattended — with the key in the lock — for approximately 45
minutes, and plaintiff acknowledged at his examination before
trial that both doors of the controlled substances locker were to
be locked at all times and, further, that leaving the outer door
unlocked and unattended "wasn't something you're supposed to do."
Further, defendant's director of human resources averred — and
another of defendant's representatives testified — that, as the
paramedic, plaintiff was responsible for ensuring that both doors
were securely locked at all times.  As defendant demonstrated a
nondiscriminatory reason for terminating plaintiff's employment,

our inquiry distills to whether plaintiff, in turn, tendered sufficient admissible proof "to show the existence of a material issue of fact as to the falsity of the employer's asserted reason[s] for the termination and that the discrimination was more likely than not the real reason for such termination" (Sommerville v R.C.I., 257 AD2d at 885; see Singh v State of N.Y. Off. of Real Prop. Servs., 40 AD3d at 1356).

Even assuming, as plaintiff now contends, that he was falsely accused of entering inaccurate information on the controlled substances log and inventory sheets and, further, that defendant mistakenly held him accountable for ensuring that both doors to the controlled substances locker were secured, plaintiff's Executive Law claim survives only if he can demonstrate that the stated basis for his termination "was designed to mask . . . discrimination" (Sommerville v R.C.I., 257 AD2d at 885). This he failed to do. Plaintiff testified that, as early as July 2009, he notified his superiors that some of his coworkers were making inappropriate sexual comments in the workplace (not necessarily directed at him); in the course of doing so, plaintiff advised certain of his superiors that he was gay. Plaintiff further acknowledged that defendant did not take any adverse action against him due to his sexual orientation prior to October 2009. Although plaintiff contends that, from that point on, he was on a "hit list," the fact remains that plaintiff was the subject of disciplinary complaints in October 2009 and December 2009 and, yet, remained employed because defendant concluded that such incidents "did not warrant taking any further disciplinary action against [plaintiff]." The fact that defendant refrained from terminating plaintiff's employment based upon these earlier – and comparatively minor – disciplinary infractions militates against a finding that discrimination was the real reason behind plaintiff's termination from his employment in January 2010. As defendant's director of human resources succinctly stated, "If we wanted to terminate [plaintiff] due to his sexual orientation, clearly we [c]ould have done so when we received the employee complaint of [inappropriate touching]" in October 2009. Accordingly, we are satisfied that defendant demonstrated its entitlement to summary judgment dismissing the complaint. Plaintiff's remaining contentions, including his assertion that Supreme Court abused

its discretion in denying his cross motion to strike defendant's answer, have been examined and found to be lacking in merit.

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court