Sims v Trustees of Columbia Univ. in the City of N.Y. (2019 NY Slip Op 00672)





Sims v Trustees of Columbia Univ. in the City of N.Y.


2019 NY Slip Op 00672


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, JJ.


8262 156566/13

[*1]Sidney Sims, Plaintiff-Appellant,
v
Trustees of Columbia University in the City of New York, Defendant-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Putney, Twombly, Hall & Hirson LLP, New York (Mary Ellen Donnelly of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered November 2, 2017, which granted defendant's motion for summary judgment dismissing the complaint alleging claims under the New York State Human Rights Law (State HRL) (Executive Law § 296) and the New York City Human Rights Law (City HRL) (Administrative Code of City of NY § 8-107) for discrimination, retaliation, and hostile work environment, unanimously modified, on the law, to deny the motion to dismiss the hostile work environment claims, and otherwise affirmed, without costs.
Plaintiff's claims of retaliation were properly dismissed. Plaintiff never complained to defendant that he was discriminated against because of his race, age, or disability (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Singh v State of N.Y. Off. of Real Prop. Servs., 40 AD3d 1354, 1357 [3d Dept 2007]). Even if his letters to Human Resources were considered complaints they only showed that he experienced a "continuation of a course of conduct that had begun before [he] complained" (Melman v Montefiore Med. Ctr., 98 AD3d 107, 129 [1st Dept 2012]).
Plaintiff's claims of discrimination were also properly dismissed. He contends that he was micromanaged, assigned excessive work, written up for insubordination, threatened with discipline should he fail to meet expectations, and denied the use of a second locker to which the evidence demonstrates he was not entitled, none of which constitute an "adverse employment action" under the State HRL (see Forrest, 3 NY3d at 306), or "disadvantaged" him under the City HRL (Chin v New York City Hous. Auth., 106 AD3d 443, 444 [1st Dept 2013], lv denied 22 NY3d 861 [2014]).
However, the court should not have dismissed plaintiff's hostile work environment claims. Plaintiff submitted evidence that his supervisors repeatedly made racially derogatory comments, including calling him "Bubbles," which he testified was a reference to Michael Jackson's pet chimpanzee, and referring to him as "boy" using a Southern accent. Plaintiff also asserts that he was told that he was "too old for the job," that he worked like he "just came back from surgery," and that he had "too many worker's comp cases and . . . should resign." According to plaintiff, the supervisors' comments were continuous in nature and occurred on a regular basis. This evidence, viewed in the light most favorable to plaintiff, raises issues of fact as to whether plaintiff was subjected to a hostile work environment based on race, age and disability under both the State and City HRLs (see Gordon v Bayrock Sapir Org. LLC, 161 AD3d 480, 481 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK