SUMMARY ORDER

Plaintiff-appellant Dorothy Presser (“Presser”) appeals, inter alia, from a December 3, 2002 Memorandum and Order, 2002 WL 31946714, of the United States District Court for the Eastern District of New York (Glasser, J.) granting defendant-appellee Key Food Stores Co-Operative, Inc.’s (“Key Food”) motion to dismiss Presser’s Age Discrimination in Employment Act (“ADEA”) claim, 29 U.S.C. §§ 621 et seq. Presser also appeals from a July 25, 2006 Memorandum and Order, 2006 WL 2086346, of the United States District Court for the Eastern District of New York (Glasser, J.), granting Key Food’s motion for summary judgment on Presser’s Worker Adjustment and Retraining Notification (“WARN”) Act, 29 U.S.C. §§ 2102 et seq., and state age discrimination claims, and denying Presser’s motion to amend class claims under the WARN Act.[1] We assume the parties’ fa *11 miliarity with the underlying facts and procedural history of this case.
On appeal, Presser newly argues that she received the Key Food right-to-sue letter “on or after 9/11/01,” and therefore her ADEA claim was timely. Presser, however, waived this contention by not raising it before the district court. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 124 n. 29 (2d Cir.2005). Though Presser also argues that, because she filed a joint EEOC charge, the date she received the second right-to-sue letter controls, she offers no legal support for this assertion. To be timely, ADEA claims must be filed within 90 days of receipt of a right-to-sue letter. 29 U.S.C. § 626(e). Without evidence of receipt, the district court applied the presumption that a letter is received three days after it is mailed. Fed.R.Civ.P. 6(d). The Key Food right-to-sue letter is dated August 16, 2001, thus presumptively Presser received it on August 19, 2001, more than 90 days prior to the December 3, 2001 filing of Presser’s ADEA action. In turn, the district court properly found the claim to be time-barred.
Presser appears to have abandoned her original state age discrimination claim alleging that Key Food “terminate[d her] on account of her age.” She has replaced it with a claim that Key Food discriminato-rily failed to place her in a new position, in anticipation of the layoffs, while other employees obtained internal transfers or new positions with Grocery Haulers, Inc. We agree with the district court that, given Key Food’s attempts to place Presser in a new position, she cannot establish the fourth element of a prima facie case, that the circumstances of her termination give rise to an inference of discrimination. See Laverack & Haines, Inc. v. New York State Div. of Human Rights, 88 N.Y.2d 734, 736, 650 N.Y.S.2d 76, 77, 673 N.E.2d 586, 587 (1996) (stating that in a state age discrimination lawsuit, “the employer was under no legal obligation to create a new or additional job for the fired employee”). Further, assuming, arguendo, that Presser could establish a prima facie case, Key Food has articulated a legitimate nondiscriminatory reason for passing over Presser in favor of a co-worker for a new position: the Key Food manager who made the hiring decision stated that Presser lacked equivalent computer skills and workplace flexibility. As the district court observed, because Presser “has failed to provide any evidence that [these] asserted justification^] [were] false,” she cannot show that Key Food’s nondiscriminatory reason for its hiring decision is merely pretext for age discrimination. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir.2001) (“[T]he court must respect the employer’s unfettered discretion to choose among qualified candidates.” (internal quotation marks omitted)).
Presser additionally argues that the district court considered improper proof and wrongly weighed and ignored evidence she submitted in dismissing her WARN Act notice claim. In fact, the district court “independently determined” which of the parties’ purported facts were “properly supported by the record.” See Monahan v. New York City Dep’t of Com., 214 F.3d 275, 292 (2d Cir.2000) (“[T]he trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion ... ”). Further, the district court “enjoys wide discretion in its handling of *12 pre-trial discovery,” Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir.1992), and Presser’s unsupported contention that the district court relied on “sham affidavit material” does not suggest that the district court in any way abused its discretion.
Presser further contends that Key Food forfeited any defense of her WARN Act notice claim because it failed to plead the affirmative defense of “release.” This argument is misplaced. Because Key Food concedes that Presser never signed a release form, this affirmative defense did not apply to her claim. Key Food instead asserts that it complied with the WARN Act’s notice requirements. Despite Presser’s protestations to the contrary, we agree with the district court that Presser’s “bald assertion ... that the signature log was a complete fabrication, doctored by [Key Food] in response to this claim and in furtherance of a persecutory conspiracy, is unsupported by any evidence in the record.” Indeed, the district court also noted that “the record lacks a single statement from any other of the myriad non-union employees who were laid off attesting that they failed to receive any of the four WARN notices or challenging their signatures on the receipt log.” See Scott v. Hams, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) (“When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.”); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir.1980) (stating that a party opposing summary judgment “must bring to the district court’s attention some affirmative indication that his [or her] version of relevant events is not fanciful”).
Finally, the district court did not abuse its discretion in denying certification of a WARN Act class of “non-signers.” See Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir.1993) (articulating a standard of review for decisions regarding whether to certify a class). As the district court stated, Subclass 1 failed to meet the requirement of typicality because, among other problems, Presser admitted she received the June 22 notice and thus had “no incentive to prove ... that other plaintiffs might not have received the June 22 notice.” Subclass 2 was also rightly rejected because Presser lacked standing to represent a class of individuals with a “reasonable expectation of recall” where Presser was actually employed by Key Food at the time of its closing. See O’Shea v. Little-ton, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (“[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself [or herself] or any other member of the class.”). We also agree with the district court that Subclass 3, composed of employees laid off between March 2000 and July 29, 2000, must fail because Presser has put forth no evidence that the pre-July 29, 2000 layoffs occurred as a result of the Grocery Haulers, Inc. transaction. See United Mine Workers of Am. v. Martinica Coal Co., 202 F.3d 717, 722 (4th Cir.2000) (“[W]here the employee’s layoff date and the plant closing date are not the same, the court must ... identify those employees terminated as a result of the plant closing.”).
We have considered Presser’s remaining arguments and find them to be without merit.
For the foregoing reasons, the Opinions and Orders of the district court are AFFIRMED.

. Presser additionally appeals from: a July 19, 2006, 2006 WL 2038508, Order of the United States District Court for the Eastern District of New York (“EDNY”) (Go, M.J.), denying Presser's motion to exclude certain exhibits attached to Key Food's motion for summary judgment; an August 3, 2006 Order of the EDNY (Go, M.J.) denying Presser’s motion for reconsideration of the July 19, 2006 Order; and an August 30, 2006 Memorandum and Order of the EDNY (Glasser, J.) again denying Presser's motion for reconsid *11 eration of the July 19, 2006 Order. As Presser has not advanced any arguments relating to these orders on appeal, each Order is affirmed. See Llanos-Femandez v. Mukasey, 535 F.3d 79, 86 n. 8 (2d Cir.2008) (stating that the failure to “meaningfully raise any such challenge” on appeal deems any argument waived).